Gregory JORDAN, et al., Appellants,

v.

UNITED STATES of America, et al.

No. 81–2086.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 4, 1982.
Decided Nov. 30, 1982.

Edward DeV. Bunn, Baileys Crossroads, Va., for appellants.

John W. Polk, Asst. U.S. Atty., with whom Stanley S. Harris, U.S. Atty., and Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellees. Kenneth M. Raisler, Asst. U.S. Atty., and Charles L. Reischel, Asst. Corp. Counsel, Washington, D.C., also entered appearances for appellees.

Before WILKEY, WALD and MIKVA, Circuit Judges.

Opinion PER CURIAM.

## PER CURIAM:

Appellants, Gregory Jordan, et al., appeal from a decision of the district court refusing relief, under Fed.R.Civ.P. 60(b),[1] from an earlier dismissal of their suit against the United States for damages resulting from alleged misconduct by United States Marshals during an eviction. The district court dismissed the suit for failure properly to serve the United States pursuant to Fed.R.Civ.P. 4(d)(4).[2] Because so far as we can tell on the record before us, the failure to serve the United States was not fault attributable to appellants, we remand the case to the district court with instructions to reopen the proceedings under Rule 60(b) and, unless new facts are revealed requiring a contrary result, to reinstate the complaint.

## I. BACKGROUND

Appellants filed the original complaint in this case on December 18, 1980. Their attorney attempted service of the summons and complaint on the United States Attorney by certified mail. On December 31, 1980, the United States Attorney returned the summons and complaint and pointed out in an accompanying letter that Rule 4(c)[3] requires that service of process on the United States Attorney be made by a United States Marshal or by some person specifically appointed by the court for that purpose. In February 1981 appellants' attorney invoked the processes of the United States Marshal's office to effect service on the federal defendants. The Marshal's return (see App. to Appellants' Brief) indicates service was made on February 18.

The United States moved to quash that service as not in accord with Rule 4(d)(4) on March 31, 1981. On May 6 the trial court granted the government's motion, quashing service for failure to comply with the rule.

On June 9 the trial judge dismissed the complaint for lack of jurisdiction, with leave to file an amended complaint in twenty days. On August 4 the court dismissed the amended complaint without prejudice for failure to comply with Rule 4(d)(4). On September 29 it denied appellants' motion to reinstate the complaint under Fed.R. Civ.P. 60(b). An appeal is taken from the denial of reinstatement.

---

1. Rule 60(b) provides, in pertinent part:

 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

2. Rule 4(d)(4) provides:

 (d) Summons and Complaint: Personal Service and Service by Mail. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows: . . .

 (4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.

3. At that time Rule 4(c) provided:

 (c) By Whom Served. Service of process shall be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose, except that a subpoena may be served as provided in Rule 45. Special appointments to serve process shall be made freely. Service of process may also be made by a person authorized to serve process in an action brought in the courts of general jurisdiction of the state in which the district court is held or in which service is made.

## II. Analysis

It is indisputable that a valid judgment cannot be entered against the United States without proper service. *See, e.g., Messenger v. United States,* 231 F.2d 328 (2d Cir. 1956). Service of process on the United States is governed by Rule 4(d)(4) of the Federal Rules of Civil Procedure, which requires that copies of the summons and the complaint be *delivered* to the U.S. Attorney, but allows copies to be *mailed* to the Attorney General.

Appellants' attorney made two attempts to serve the U.S. Attorney, the first time by mail and the second by employing the United States Marshal's office. Unfortunately for appellants, in the second attempt the Deputy Marshal delivered the summons and complaint to the Attorney General rather than to the U.S. Attorney.

 Appellants' attorney argues that once he received the Marshal's return indicating that service had been effected he had the right to assume that the U.S. Attorney had been served properly. He also argues that he was understandably misled as to whether service had indeed been made on the U.S. Attorney by the actions of the district judge. The judge's May 6, 1981, order quashed service on the United States and set for hearing the question of the court's subject matter jurisdiction over the case. Just prior to that hearing, which was held on June 9, 1981, appellants' counsel discovered from the judge's law clerk that at the time of the May 6 dismissal the judge did not have a copy of the U.S. Marshals Service Process Receipt and Return of February 18, 1981, which appellants' attorney believed indicated that proper service had been made. In a telephone call to the clerk, appellant's attorney ascertained that a copy had since found its way into the file.

The attorney contends that he then considered the matter resolved. He points out that at the June 9 hearing the court, although touching on the service issue, focused primarily on subject matter jurisdiction.[4] The order entered by the court on that day dismissed the complaint for lack of subject matter jurisdiction, but gave appellants leave to amend within twenty days. This order, appellants' counsel concludes, led him to believe that the service issue had indeed been settled, since it would be inconsistent to allow the filing of an amended complaint against a party who had never been served properly.

The government answers these arguments by pointing out that in the federal courts service *must* be made as set forth in the Federal Rules. In this case, it asserts, service was improper because copies of the complaint and summons were never "delivered" to the U.S. Attorney.[5] This failure, it argues, was surely clear to counsel for appellants because the Marshal's return indicates that service had only been made on the Attorney General, not on the U.S. Attorney.

Perusal of the United States Marshals Service Process Receipt and Return (App. to Appellants' Brief) reveals otherwise. Appellants' counsel had typed on the process a request that it be served on defendant, "U.S. of America." He had also typed in an "x" in the box labeled "Check for service on

4. The transcript of the June 9, 1981, hearing, at 2, 4, shows the following colloquy between the trial judge and counsel for plaintiffs:

THE COURT: Why shouldn't the matter be dismissed without prejudice by the Court?

MR. BUNN [ATTORNEY FOR JORDAN]: Well, Your Honor, the United States has been served and I believe the U.S. Marshal's return is in the mail.

THE COURT: What is the basis of your suit against the United States. You allege no jurisdiction in your complaint . . . .

MR. BUNN: I was aware that the Court had problems with the allegations of jurisdiction, but I was not aware that the Court—my understanding was that I had—in the interim between the government's filing its motion and my filing my opposition, I had effected service on the United States, so the issue this morning really was whether the case ought to be dismissed because I failed to serve the United States, and I have served them.

The trial judge made no other mention of defective service during this hearing.

5. The government does not deny, of course, that the U.S. Attorney actually received the copies of the complaint and summons.

U.S.A." But someone had crossed out "U.S. of America" and substituted in pen, "U.S. Attorney General," at the address "U.S. Dept. of Justice." The form was signed by a Deputy Marshal. Appellants' counsel stated at oral argument that he does not remember changing the form and proffered that he had executed similar forms over a period of some seventeen years and had never before encountered any difficulty in effecting personal service on the United States Attorney thereby.

We believe that counsel was thus justified in assuming that proper service had in fact been effected under Rule 4(d)(4).[6] Indeed, the "Instructions for Service of Process by the U.S. Marshal" on the back of copy 5 of the process receipt and return speak in no uncertain terms to the following effect:

> For service of any process upon an officer or agent of the United States Government, submit a copy of the writ and a set of Form USM–285 for each officer or agent upon whom service is desired. Submit three (3) additional copies of the writs for service upon the Government of the United States. The U.S. Marshal will serve one (1) upon the U.S. Attorney and will forward two (2) to the Attorney General of the United States. (*When the applicable box is checked, completion of the final signature block by the U.S. Marshal or his Deputy always certifies service on the U.S. Attorney and the Attorney General, regardless of whether other defendants on the writ were served.*) Failure to provide any of the copies will delay service of the writ.

(Emphasis supplied.) In appellants' case, their counsel did check the box for service on the United States and the deputy did sign the return. According to the printed instructions, these notations mean that personal service has been effected on the United States Attorney.

The government nonetheless argues that the crossing out of "U.S. of America" on the front of the form and the insertion of "U.S. Attorney General" instead as the recipient of service should somehow have alerted counsel to the fact that service had not been made according to the premises of the instructions. Whatever the explanation for the change, we are not prepared to sanction so serious a consequence as dismissal of a complaint for so minor an oversight; appellants' attorney appears in fact to have done everything expected of him in attempting to effect proper service on the United States.

Moreover, if upheld, the August 4 dismissal will severely prejudice appellants in their suit. If the original complaint was not properly served and a new complaint must be filed, the statute of limitations will have run on a number of the claims. On the other hand, the government concedes that it has suffered no prejudice from any failure to serve the United States Attorney personally: it in fact received copies of the summons and complaint and defended itself against the claim in court. But it still maintains that proper service is a jurisdictional prerequisite to a lawful proceeding.

■ Where the necessary parties in the government have actual notice of a suit, suffer no prejudice from a technical defect in service, and there is a justifiable excuse for the failure to serve properly, courts should not and have not construed Rule 4(d)(4) so rigidly or Rule 60(b) so narrowly as to prevent relief from dismissal. This is especially true when dismissal signals the demise of all or some of the plaintiff's claims. *See, e.g., Piendak v. Local Board No. 5,* 318 F.Supp. 1393 (W.D.Pa.1970) (although plaintiff did not serve the U.S. Attorney and Attorney General as required by the rules, because U.S. Attorney vigorously represented United States throughout the proceedings, adequate notice had been afforded to the United States and no preju-

---

**6.** Indeed, Rule 4(d) was specifically designed to provide a uniform and comprehensive method of service for all actions against the United States. *See Hodge v. Rostker,* 501 F.Supp. 332, 333 (D.D.C.1980); Fed.R.Civ.P. 4 Advisory Committee notes.

dice resulted from failure to comply with rules); *Fugle v. United States,* 157 F.Supp. 81 (D.Mont.1957) (where plaintiff served Assistant U.S. Attorney but not Attorney General as required by rule, and United States participated in proceedings before moving to dismiss for failure to serve proper process, plaintiff would be given opportunity to complete service under rule of excusable neglect). *See also Jackson v. Washington Monthly Co.,* 569 F.2d 119 (D.C. Cir.1978) (when a client does not knowingly and fully acquiesce in his attorney's neglectful conduct, but instead is misled into believing that the attorney is industrious, dismissal is a harsh step; when the client has not personally misbehaved and his opponent in litigation has not been harmed, the interests of justice are better served by an exercise of discretion in favor of appropriate action against neglectful lawyers than by dismissing lawsuit); *Barber v. Turber-ville,* 218 F.2d 34 (D.C.Cir.1954) (courts are reluctant to attribute to the parties the errors of their legal representatives).

We therefore reverse the order denying relief under Rule 60(b) and remand to the district court. Unless the Rule 60(b) hearing discloses evidence requiring a different result, the complaint should be reinstated as of the date it was originally filed.[7]

---

**7.** 28 U.S.C. § 2401(b) applies a six-month time limitation to tort claims against the United States. Appellants' original complaint was timely filed. The amended complaint relates back to the date of the original pleading under Fed.R.Civ.P. 15(c). The question remains, however, whether appellants needed proper service as well as timely filing to toll the statute of limitations on their claim against the United States.

Appellants have sued the United States pursuant to 28 U.S.C. §§ 1331 (federal question) and 1346(b) (torts claims). Where a federal matter or cause of action is involved, the courts have looked to Fed.R.Civ.P. 3 to determine when an action is commenced. *See, e.g., Walko Corp. v. Burger Chef Systems, Inc.,* 554 F.2d 1165, 1167 n. 19 (D.C.Cir.1977); *United States v. Wahl,* 583 F.2d 285 (6th Cir.1978). Rule 3 simply states that a "civil action is commenced by filing a complaint with the court." Read literally, therefore, the rule requires that the plaintiff do nothing more to commence an action in federal court than to file the complaint.

Although some courts have also required the plaintiff to exercise due diligence in obtaining service of process in order to toll the statute of limitations, *see 2 Moore's Federal Practice,* § 3.07[4.–3–2] at 3–117–18; 4 Wright & Miller, *Federal Practice and Procedure: Civil,* § 1056 at 178–81, the Advisory Committee for the Federal Rules of Civil Procedure deliberately chose not to require service of process within a specified period of time after filing of suit, suggesting instead the remedy provided by Rule 41(b) of a motion to dismiss for want of prosecution. *See Messenger v. United States,* 231 F.2d 328,

329 (2d Cir.1956); Advisory Committee notes to Rule 3. As a result, several courts have held that filing a suit in and of itself is sufficient to toll the statute of limitations. *See, e.g., Caldwell v. Martin Marietta Corp.,* 632 F.2d 1184 (5th Cir.1980); *United States v. Wahl,* 583 F.2d 285; *Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gas Co.,* 347 F.2d 921 (8th Cir.1965); *Messenger v. United States,* 231 F.2d 328; *Varela v. Hi-Lo Powered Stirrups, Inc.,* 424 A.2d 61 (D.C.1980) (en banc); *McCrea v. General Motors Corp.,* 53 F.R.D. 384 (D.Mont.1971).

Indeed, the facts of *United States v. Wahl,* 583 F.2d 285, are very similar to the facts of this case. In *Wahl,* the government filed suit charging breach of a government procurement contract in 1970, four years after the six-year statute of limitations had begun to run. The government was awarded a default judgment in 1970. In 1975 the judgment was vacated and declared void against an individual defendant because of failure properly to effect service on that defendant. The government filed an amended complaint in 1975 and ten days thereafter properly served the defendant. The court held that the action was not time barred; the government's filing of a complaint in 1970 was sufficient to toll the statute of limitations. 583 F.2d at 286–87.

As a result, if it is determined that appellant's claims may be reinstated, they may be reinstated as of the date of the filing of the original complaint.