**Madeliene Y. JEFFREYS, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**No. 85 Civ. 9210 (DNE).**

United States District Court,
S.D. New York.

March 2, 1988.

Harold W. Grubart, New York City, for petitioner.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. (Amy Rothstein, Asst. U.S. Atty., New York City, of counsel), for respondent.

### MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

Petitioner, an employee of the respondent United States Postal Service, has filed a petition to vacate an arbitrator's decision reinstating petitioner to her employ with the respondent without back-pay. Respondent has moved this court to dismiss the petition on the grounds that (1) the action is time barred, *see* Fed.R.Civ.P. 12(b)(1); (2) the petitioner did not properly effectuate service as required by Fed.R.Civ.P. 4(d)(4), *see* Fed.R.Civ.P. 12(b)(2), (b)(5); or (3) petitioner lacks standing because she was not a party to the challenged arbitration, *see* Fed.

R.Civ.P. 12(b)(1). Because the court finds that the petitioner did not properly effectuate service on the respondent, it does not consider the alternative grounds for dismissal.

■ The method by which service of process is to be effectuated on the United States Government is governed by Fed.R.Civ.P. 4. Fed.R.Civ.P. 4(d)(4) provides that service upon the United States is effectuated by "delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered mail to the Attorney General of the United States." Fed.R.Civ.P. 4(d)(4). Fed.R.Civ.P. 4(d)(5) provides that service upon an agency of the United States requires both service on the United States, as provided by Fed.R.Civ.P. 4(d)(4), and sending a copy of the summons and complaint to the agency. Fed.R.Civ.P. 4(d)(5).

Petitioner has only served the respondent, United States Postal Service, which petitioner admits is an agency of the United States, *see* Petitioner's Memorandum in Opposition at 2. Petitioner, however, has not served either the United States Attorney for this district or the Attorney General.

■ The Second Circuit has held that delivery of the summons and complaint to the United States Attorney and mailing of the same to the Attorney General are "mandatory requirements." *See Messenger v. United States*, 231 F.2d 328, 330 (2d Cir.1956). Petitioner contends, however, that *Jordan v. United States*, 694 F.2d 833 (D.C.Cir.1982) places the onus on the respondent to show prejudice to it by lack of proper service and that a district court may in its discretion disregard petitioner's improper service when "respondent has timely notice of process and the petitioner will be prejudiced by the dismissal of the complaint." Petitioner's Memorandum in Op-

position at 3. This court disagrees with petitioner's reading of *Jordan.*

The *Jordan* court stated that when "the necessary parties in the government have actual notice of a suit, suffer no prejudice from a technical defect in service, *and there is a justifiable excuse for the failure to serve properly,* courts should not and have not construed Rule 4(d)(4) so rigidly," *Jordan, supra,* 694 F.2d at 836 (emphasis added). The plaintiff in *Jordan* actually attempted to serve the United States Attorney twice, once by mail and once by means of the United States Marshal's office. In *Jordan,* the failure to serve the United States Attorney was due to a misdelivery on the part of the Marshal's office. It seems that although the plaintiff completed the proper form for the Marshal's office to effectuate service on the United States, including the United States Attorney and the Attorney General, the Marshal's office crossed out the words "U.S. of America" and substituted the words "Attorney General." *See id.* at 835–36.

Accordingly, the court in *Jordan* found the failure to serve the United States Attorney was due to a justifiable excuse because plaintiff's counsel in *Jordan* was "justified in assuming that proper service had in fact been effected," because it had actually served the Attorney General and had attempted to serve the United States Attorney by means of the United States Marshal's service. The petitioner herein has not attempted to serve either the Attorney General or the United States Attorney for this district. Moreover, petitioner has advanced no justification for such failure to serve either the Attorney General or the United States Attorney.

The court finds that the requirements of Fed.R.Civ.P. 4(d)(4) and 4(d)(5) have not been satisfied and no justifiable excuse has been proffered by petitioner for that omission. Accordingly, the respondent's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(5) is granted and petition is hereby dismissed.

SO ORDERED.