Jose H. RODRIGUEZ, Plaintiff,

v.

Preston TISCH, Postmaster General, U.S. Postal Service, Leo Santiago, Luis Colon, Robert Bohde, R.J. Carroll, A.R. Anderson, and A.J. Lara, individually and together, Defendants.

No. 87–8328–CIV.

United States District Court, S.D. Florida, N.D.

July 19, 1988.

Maurice Hall, West Palm Beach, Fla., for plaintiff.

Carole M. Fernandez, Asst. U.S. Atty., S.D. Fla., Miami, Fla., for defendants.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Motion to Dismiss of the defendants. Pursuant to Fed.R.Civ.P. 12(c), the Motion to Dismiss is being treated as a Motion for Summary Judgment.

This action was filed by the plaintiff following his arrest and discharge from employment. Plaintiff was employed by the United States Postal Service in West Palm Beach, Florida. Plaintiff's arrest followed a five-month investigation into suspected drug dealing at the West Palm Beach Postal Service facility. Following an acquittal by jury of another arrestee, the government dismissed charges against the others arrested, including the plaintiff herein.

Plaintiff contends that there was no probable cause to arrest him and that the defendant postal inspectors entrapped him into committing criminal acts. In addition, plaintiff contends that the investigation and his termination from employment were improperly based upon his Hispanic background, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff has filed suit for damages caused by his arrest and termination as well as reinstatement.

Defendants moved to dismiss, and at a hearing on the motion, presented the court with matters outside the pleadings. The court then gave proper notice that it

would treat the motion as one for summary judgment. Defendants raise essentially two reasons for dismissal: improper service and immunity.

Service of process on the United States is governed by Fed.R.Civ.P. 4(d)(4) "which requires that copies of the summons and the complaint be *delivered* to the United States Attorney, but allows copies to be *mailed* to the Attorney General." *Jordan v. United States*, 694 F.2d 833, 835 (D.C.Cir.1982) (emphasis in original). Despite the requirements of Rule 4(d)(4), plaintiffs have attempted to serve the United States Attorney by certified mail, instead of delivery as contemplated by the rule.

Plaintiff argues that a technical violation of Rule 4(d)(4) should not cause dismissal of his complaint, particularly where the necessary parties in the government have actual notice of the suit and there is a "justifiable excuse for the failure to serve properly." *Jordan*, 694 F.2d at 836. Plaintiff's reliance on *Jordan* is misplaced. In *Jordan*, the court found that counsel for the plaintiffs had justifiably relied upon representations by the U.S. Marshal Service that the United States had been properly served. Thus, the fact that the United States Attorney had not been served according to the rule did not warrant dismissal of plaintiffs' action.

In contrast, the Ninth Circuit Court of Appeals has held that counsel's belief or assumption that service on the United States Attorney could be made by certified mail did not constitute "good cause" or "justifiable excuse." *Whale v. United States*, 792 F.2d 951 (9th Cir.1986). Thus, the court upheld the district court's order dismissing plaintiff's complaint.

Because "[i]t is indisputable that a valid judgment cannot be entered against the United States without proper service," *Jordan*, 694 F.2d at 835, the government's Motion for Summary Judgment must be granted.

The government also argues that the defendant postal inspectors are entitled to summary judgment on the basis of qualified immunity. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "The contours of the [allegedly violated] right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, — U.S. —, —, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). "Unless the plaintiff's allegations state a claim of violation of a clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).

The Supreme Court recently defined the standard by which courts must determine whether "an officer whose request for a warrant allegedly caused an unconstitutional arrest" is entitled to qualified immunity. *See Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271. The standard is one of "objective reasonableness." *Id.* at 344, 106 S.Ct. at 1098. "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable ... will the shield of immunity be lost." *Id.*

Defendants are not entitled to immunity "if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue, but if officers of reasonable competence could disagree on this issue, immunity should be recognized." *Id.* at 341, 106 S.Ct. at 1096. The fact that the defendants may have been mistaken as to the existence of probable cause does not in itself defeat the claim of qualified immunity. *See Anderson*, — U.S. at —, 108 S.Ct. at 3039. As long as the defendants' conclusions were objectively reasonable, albeit mistaken, they should not be held personally liable. *Id.*

The court has reviewed the affidavits submitted to the United States Magistrate

in connection with the application for the arrest warrant. The court has also reviewed the laboratory report and the informant's tape transcripts. The court finds that the probable cause affidavits in question were such that reasonably competent officers could conclude that a warrant should issue. Thus, the court finds that defendants Santiago, Colon, Bohde, Carroll, Anderson and Lara are entitled to qualified immunity.

 The court finds that summary judgment is properly entered on behalf of those defendants at this stage of litigation. "One purpose of the *Harlow* [*v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982)] qualified immunity standard is to protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" *Id.* —— U.S. at ——, n. 6, 107 S.Ct. at 3042, n. 6. The issue of qualified immunity should be resolved at the earliest possible stage in the litigation. *Id.* Because plaintiffs' claims do not state a violation of clearly established law, summary judgment is appropriate at this time. *See Mitchell*, 472 U.S. at 527, 105 S.Ct. at 2816.

Defendants Postmaster Tisch and U.S. Postal Service claim dismissal of plaintiff's constitutional claims is appropriate under the doctrine of sovereign immunity. In the absence of congressional intent, the United States and its agencies are immune from suit. *United States v. Mitchell*, 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). The court finds that plaintiff is barred by the doctrine of sovereign immunity from pursuing his constitutional claims against defendants Tisch and the U.S. Postal Service.

Plaintiff's complaint also alleges that he was discriminated against by his employer in violation of Title VII of the Civil Rights Act of 1964. As a federal employee, plaintiff's remedy is to file suit naming the head of the agency or department as the defendant. 42 U.S.C. § 2000e–16; *Carver v. Casey*, 669 F.Supp. 412 (S.D.Fla.1987). Plaintiff shall be given leave to amend his complaint in accordance with Title VII.

In light of the above discussion, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Motion for Summary Judgment will be granted as to defendants Tisch, U.S. Postal Service, Santiago, Colon, Bohde, Carroll, Anderson and Lara as to the alleged constitutional deprivations arising out of plaintiff's arrest.

2. The Complaint as it presently stands will be dismissed for failure to properly serve the United States.

3. Plaintiff shall have twenty (20) days from the date of this Order in which to amend his complaint to state a claim under 42 U.S.C. § 2000e–16. Thereafter, plaintiff shall properly serve the defendants in accordance with the Federal Rules of Civil Procedure.