**Kenneth HEGMANN and Gussie
Hegmann, Plaintiffs,**

v.

**UNITED STATES of America,
Defendant.**

**No. CV 89–2660.**

United States District Court,
E.D. New York.

Sept. 28, 1990.

---

Jay Randolph Viders, P.C., Carle Place, N.Y., for plaintiffs.

Andrew J. Maloney, U.S. Atty. by Charles S. Kleinberg, Brooklyn, N.Y., for defendant.

WEXLER, District Judge.

Plaintiffs Kenneth and Gussie Hegmann, husband and wife, bring this action for alleged malpractice suffered by Kenneth Hegmann at a Veterans Administration Hospital located in Northport, New York. Plaintiffs sue the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Presently before the Court is the government's motion to dismiss for plaintiffs' failure to properly serve the United States under Fed.R.Civ.P. 4(d)(4) within 120 days of the filing of the complaint as required by Fed.R.Civ.P. 4(j). For the reasons below, the motion is granted.

## I. BACKGROUND

The Veterans Administration formally denied plaintiffs' claim on July 19, 1989, and plaintiffs filed their complaint in this Court on August 11, 1989. Plaintiffs thereafter served the United States Attorney for the Eastern District of New York on August 18, 1989, and the Veterans Administration on August 23, 1989. The government filed its answer with this Court on November 28, 1989, and apparently served it on plaintiffs on November 30, 1989, forty-four days after the expiration of the sixty-day period allowed for in Fed. R.Civ.P. 12(a). *See* Fed.R.Civ.P. 12(a) ("The United States ... shall serve an answer to the complaint ... within 60 days after service [of the complaint] upon the United States attorney...."). In its answer, the government raised as a defense plaintiffs' failure to satisfy the requirements of Rule 4(d)(4) governing service of process on the United States. In particular, the government contended that plaintiffs failed to serve the United States Attorney General. *See id.* 4(d)(4) (service

upon the United States includes sending a copy of the summons and complaint "by registered or certified mail" to the Attorney General at Washington, D.C.). At the time plaintiffs received the answer they still had over ten days in which to serve the Attorney General before expiration of the 120–day time limit of Rule 4(j).[1] Instead, on November 30, 1989, plaintiffs rejected the answer as untimely and returned it to the U.S. Attorney's office, where it was received December 4, 1989. The government thereafter served interrogatories, dated December 5, 1989, on plaintiffs. Plaintiffs then brought a motion for a default under Fed.R.Civ.P. 55, which was denied by this Court in a Memorandum and Order dated February 13, 1990.

Following a conference on March 20, 1990 before U.S. Magistrate David F. Jordan, at which one of plaintiffs' attorneys, Jay Viders ("Viders"), purportedly represented that he did not know whether the Attorney General had been served, the government informed plaintiffs' attorneys that it confirmed that service was not made, and requested that plaintiffs stipulate to dismiss the action. Plaintiffs refused to enter into the stipulation. When the parties were unable to resolve the service issue at a conference before the Court on March 26, 1990, the government brought the instant motion. Plaintiffs then served the Attorney General on March 26, 1990, more than seven months after the filing of the complaint.

In opposition to the motion, plaintiffs' attorneys initially contended that the Attorney General had been properly served on September 19, 1989. In this respect, by affidavit in opposition to the motion, Viders stated that upon receiving the answer and noting the government's defense of insufficiency of service of process, he contacted the Civil Classifications Unit ("CCU") of the Attorney General's office to verify service. Affidavit of Jay R. Viders dated April 9, 1989, para. 11 [hereinafter Viders' Affidavit]. Viders claimed that he was informed that the "Summons and Complaint was received and logged in Washington, D.C. on September 19, 1989, issued a Department of Justice number, and assigned an attorney from the United States Attorney General's office." *Id.* In addition, another of plaintiffs' attorneys, Kenneth Wiesen ("Wiesen"), an associate in Viders' office, stated: "Since the file, handled by another attorney no longer with the firm, contains a memo noting service on the Attorney General's Office, however absent proof of service, we contact [sic] the *Civil Classifications Unit* of the Attorney General's Office to inquire into this issue." Sur-reply Affirmation of Kenneth B. Wiesen dated June 14, 1990, at 3 (emphasis in original). Plaintiffs, however, did not offer proof that such service had occurred. Rather, the government offered proof that it was the U.S. Attorney's office, not plaintiffs, that had in fact forwarded a copy of the summons and complaint to the Attorney General's office in September 1989. At a conference before the Court on June 25, 1990, Wiesen acknowledged that he did not know whether his office had served the Attorney General within the 120–day period. In any event, the parties were given additional time to submit further or supplemental affidavits and briefs on the motion.

After reviewing the additional papers, the Court set the matter down for a hearing. The parties were informed that the purpose of the hearing was to allow plaintiffs the opportunity either to prove that service upon the Attorney General was made before the 120 days expired or, in the alternative, to show that the failure to do so was the result of "good cause," as provided in Rule 4(j), or "excusable neglect," as required by Fed.R.Civ.P. 6(b) for an extension of the 120–day period when the

---

**1.** Fed.R.Civ.P. 4(j) provides in pertinent part: If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
The 120th day was actually December 9, 1989, a Saturday. Therefore, the following Monday, December 11, 1989, was the last day for timely service on the Attorney General.

time has already run. The hearing was then held on September 13, 1990. At the hearing, Wiesen testified on plaintiffs' behalves, and Tova Kaplan ("Kaplan"), Paralegal Specialist of the Communications Office, Civil Division, Department of Justice, and Linda Kirk ("Kirk"), Case Control Officer of the Torts Branch, Civil Division, Department of Justice, testified on the government's behalf. Kaplan and Kirk were the government employees who allegedly provided plaintiffs' attorneys with the information regarding the Attorney General's receipt of the summons and complaint. Upon the conclusion of the hearing, the Court reserved decision and gave plaintiffs further opportunity to submit evidentiary matter to support their contentions. This opinion follows.

## II. DISCUSSION

■ As noted above, Rule 4(d)(4) requires, *inter alia*, service by registered or certified mail on the Attorney General of the United States, and Rule 4(j) requires that service be made within 120 days of the filing of the complaint unless the plaintiff shows good cause why such service was not made within that period. The rule is clear that it is plaintiffs' burden to show good cause. Similarly, as noted above, any extension of the 120 days after the time has run requires plaintiffs to show that the failure to make service was the result of "excusable neglect." *See* Fed.R.Civ.P. 6(b).

The record reveals that plaintiffs are unable to show that service was made earlier than March 26, 1990. Accordingly, this Court finds that the Attorney General was not served by plaintiffs before March 26, 1990. Indeed, plaintiffs were unable to offer any proof to this effect at the September 13 hearing. Thus, because plaintiffs did not serve the Attorney General within the 120–day period, they must show good cause why service was not made within that time. Similarly, noting plaintiffs' request for an enlargement of the 120–day period, plaintiffs must show that the failure to serve was the result of "excusable neglect."

Besides maintaining that they have shown good cause and excusable neglect, plaintiffs raise two other arguments in opposition to the motion. First, plaintiffs argue that their failure to timely serve the Attorney General is a technical defect which should be excused because the Attorney General had actual notice of the action. Second, they argue that by waiting to challenge the sufficiency of service until March 1990, after expiration of the 120–day period of Rule 4(j), and after the running of the six-month statute of limitations of 28 U.S.C. § 2401(b) (six months from July 19, 1989 being January 19, 1990), the government waived any such objection. Plaintiffs point out that beyond delaying in bringing the motion, the government participated in discovery (by, *inter alia*, serving interrogatories and accepting plaintiffs' interrogatories) and motion practice (by opposing plaintiffs' motion to strike the answer and for a default made in December 1989). As discussed below, neither of these two arguments is persuasive. Moreover, plaintiffs have failed to demonstrate good cause or excusable neglect.

As for plaintiffs' claim that the failure to serve was based on good cause and excusable neglect, this Court disagrees. Before the September 13 hearing, the record indicated that plaintiffs' attorneys were informed by someone at the CCU only that the summons and complaint were received at the Attorney General's office, and not that plaintiffs were the source of that filing. However, Wiesen testified at the hearing: "I think that they [the Attorney General's office] said that it was—service was made and filing was—I don't remember the exact wording. My impression was that they acknowledged that service and filing had been made on that date." (Tr. 31).[2] Notwithstanding this assertion, the evidence presented at the hearing leaves the Court with strong doubts that plaintiffs' attorneys actually did contact the Attorney General's office prior to expiration of the 120–day period, or, if they did, that

---

2. "Tr." refers to the hearing transcript.

they were informed that it was plaintiffs that had sent the summons and complaint to that office before the time expired.[3]

First, though Wiesen referred specifically to plaintiffs' service on the U.S. Attorney and the Veterans Administration in his affirmation (dated four days after the 120–day period expired) in support of plaintiffs' motion for a default, and attached the affidavits of service as exhibits, he made no reference whatsoever to service on the Attorney General. *See* Affirmation of Kenneth B. Wiesen dated December 15, 1989, paras. 2, 3.

Second, Wiesen was unable to present, either at the hearing or after, telephone bills reflecting the alleged calls to Washington, D.C. within the 120–day period.

Third, Wiesen testified that the memo in the office file, referred to in his affidavit, did not note that service had been made on the Attorney General but had the word "Serve" on it with the words "U.S. Attorney," "Attorney General," and "Veterans Administration" listed below. (Tr. 38).[4] In addition, he testified that he believed that the memo was prepared by a secretary rather than the former attorney.

Fourth, the Court notes that the former attorney neither appeared at the hearing nor submitted an affidavit. In fact, when asked the name of the former attorney, Wiesen responded that he didn't know it. Moreover, Wiesen indicated that he had not even asked Viders, the principal attorney, the name of the former attorney. The Court finds Wiesen's responses less than convincing.

Fifth, Kaplan and Kirk both denied receiving or preparing a record of any call from Wiesen or his firm within the 120–day period. The only call Kaplan testified she received from Wiesen was on March 27, 1990, confirming plaintiffs' March 26, 1990 service of the summons and complaint on the Attorney General's office. A record of

this call was offered into evidence at the hearing.

Lastly, Kirk testified that the computer records of the "Case Tracking System" of the Attorney General's office showed that the summons and complaint were received at the Attorney General's office and entered on the system on September 19, 1989, but that they were not served on the Attorney General until March 26, 1990. She explained that her branch and the CCU share the same computer system; consequently, they receive the same case tracking information. Based on her examination of the Attorney General's record of this action, as reflected in a one-page computer print-out entitled "Case Synopsis Inquiry" ("CSI"), she testified that prior to March 26, 1990 the CSI would have shown "00/00/00" in the portion identified "AG Serv Date:" (indicating date of service on the Attorney General), signifying no service had been effected up to that point in time. Thus, until March 26, 1990, there would have been no basis for someone (whether from her branch, the CCU or otherwise) viewing the Attorney General's computer record of the case to believe that the summons and complaint had been served rather than merely received. She also testified that her review of the physical litigation file maintained in the case by the Department of Justice indicated that the complaint received at the Attorney General's office in September 1989 had come from the U.S. Attorney's office.

Based on the record, it appears unlikely that plaintiffs' attorneys called the Attorney General's office before the 120–day period expired. In any event, the evidence reasonably indicates no more than that plaintiffs' attorneys, if they did call, were not informed that "service" had been made by plaintiffs. Consequently, the Court concludes that plaintiffs' failure to serve the Attorney General within the prescribed time was the result of inadvertence, oversight or neglect of counsel. These, however, do not constitute good cause or excus-

---

**3.** The Court notes that both Viders and Wiesen are now asserting that they made the alleged call or calls to the Attorney General's office before the 120–day period expired. *See* Viders' Affidavit para. 11; Tr. 31.

**4.** This memo was the only additional evidentiary matter submitted by plaintiffs following the hearing, and was essentially as described by Wiesen.

able neglect as demanded by Rules 4(j) and 6(b), respectively.

Plaintiffs rely on *Jordan v. United States*, 694 F.2d 833 (D.C.Cir.1982), which held:

> Where the necessary parties in the government have actual notice of a suit, suffer no prejudice from a technical defect in service, and there is a justifiable excuse for the failure to serve properly, courts should not and have not construed Rule 4(d)(4) so rigidly or Rule 60(b) so narrowly as to prevent relief from dismissal. This is especially true when dismissal signals the demise of all or some of the plaintiff's claims.

*Id.* at 836. In *Jordan,* the summons and complaint were delivered to the Attorney General rather than the U.S. Attorney because of an error by the United States Marshals Service. *Id.* at 835–36. Unlike *Jordan,* in the present case, as noted above, plaintiffs have not shown justifiable excuse (or good cause or excusable neglect) for their failure to make proper service. Nor was there merely a technical defect in service. Rather, there was a complete failure to serve the Attorney General which was occasioned through the neglect or inadvertence of plaintiffs' counsel. *See, e.g., Wei v. Hawaii,* 763 F.2d 370, 372 (9th Cir. 1985) (inadvertence of counsel does not qualify as good cause for failure to comply with Rule 4(j)). Plaintiffs' failure to show justifiable excuse for not serving the Attorney General is fatal under the Rule 4(j) "good cause" standard as well as the Rule 6(b) "excusable neglect" standard.

While the record reveals that the Attorney General was forwarded a copy of the summons and complaint by the U.S. Attorney's office, such notice, in and of itself, does not excuse plaintiffs from complying with Rule 4(d)(4). The requirements of Rule 4(d)(4) are mandatory. *Messenger v. United States,* 231 F.2d 328, 330–31 (2d Cir.1956).

As for plaintiffs' argument that the government waived its right to assert the insufficiency of service, to the contrary, the government raised the defense in its answer which was served on plaintiffs before the 120–day period expired. At that point, plaintiffs still had ample time to serve the Attorney General, but chose instead to reject the answer and seek a default. Because the Court denied plaintiffs' motion for a default, the answer was considered properly interposed. Clearly then, the government raised the defense at its first opportunity and before the 120 days expired. Thus, the Court is not faced with a situation where the government's untimely answer failed to give plaintiffs adequate notice of the insufficiency of service before expiration of the 120–day period. Under those circumstances, the Court would be wary of allowing the government to take advantage of its unexcused lateness to the plaintiffs' detriment. Moreover, the fact that the government, after answering the complaint, served interrogatories and opposed the motion for a default does not excuse plaintiffs from the requirements of Rule 4(d)(4) and 4(j).

Although a dismissal under Rule 4(j) is without prejudice, strict application of Rule 4(j) in the instant case is tantamount to dismissal with prejudice because the six-month statute of limitations expired January 19, 1990. *See* 28 U.S.C. § 2401(b). Though this result may appear harsh, as plaintiffs are harmed by their attorneys' neglect, " 'litigants are bound by the conduct of their attorneys, absent egregious circumstances which are not present here.' " *Wei,* 763 F.2d at 372 (quoting *Kung v. FOM Inv. Corp.,* 563 F.2d 1316, 1318 (9th Cir.1977)). Consequently, because plaintiffs failed to serve the Attorney General within the 120–day period and have not shown good cause or excusable neglect in failing to do so, the complaint is dismissed.

### CONCLUSION

For the reasons above, the government's motion to dismiss is granted. Accordingly, the complaint is dismissed without prejudice, and the Clerk of the Court is directed to close the file in this case.

SO ORDERED.