John **GAGLIARDI,** Irwin A. **Schiff,** David A. **Linkenheimer,** Julius **Jones,** Step–Van Service Co., Inc., Joseph **Mark** and Neil **Price,** Esq., Plaintiffs,

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 91–0045.**

United States District Court,
W.D. Pennsylvania.

Nov. 22, 1991.

John Gagliardi, pro se.

Neal Price, Johnstown, Pa., for plaintiffs.

Gregory D. Stefan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM ORDER

LEE, District Judge.

Defendant has filed a Motion to Dismiss the above-captioned action, contending this Court lacks both personal and subject mat-ter jurisdiction over the United States insofar as service of the summons and complaint was insufficient and that the complaint fails to state a claim upon which relief can be granted.

Plaintiffs filed the original pro se complaint[1] on January 11, 1991. Plaintiffs personally served a copy of the complaint on the United States Attorney for the Western District of Pennsylvania, and also mailed a copy of the summons and complaint to the United States Attorney for the Western District of Pennsylvania and to the Attorney General of the United States in Washington D.C. also on January 11, 1991. Defendant filed a Motion to Dismiss the above-action on March 18, 1991, and a Supplemental Motion to Dismiss on November 11, 1991. Plaintiffs did not personally serve the United States Attorney with both the summons and complaint until October 17, 1991.

Defendant contends the complaint should be dismissed pursuant to Rules 4(d)(4), 4(j), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. We disagree.

Several circuits have held that Rule 4(d)(4) should not be construed so narrowly or rigidly as to prevent relief from dismissal in every case in which plaintiff's method of service suffers from a "technical defect." *Zankel v. United States*, 921 F.2d 432, 436 (2d Cir.1990); *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir.1984); *Jordan v. United States*, 694 F.2d 833, 836 (D.C.Cir.1982) (per curiam).

In *Jordan*, the court identified four factors that must be satisfied in order to make an exception to the requirements of Rule 4(d)(4). If (1) necessary parties in the government have actual notice of a suit; (2) the government suffers no prejudice from a technical defect in service; (3) there is a justifiable excuse for the failure to serve properly; and (4) the plaintiff would be severely prejudiced if the complaint

---

1. With their complaint, plaintiffs filed a request for a temporary restraining order (TRO) to enjoin a scheduled sale of property allegedly owned by U.S. Industrial Fabricators, Inc. A hearing was held on January 16, 1991. Another petition for TRO was filed by plaintiffs on January 16, 1991, and a hearing was held on January 18, 1991. It is noted that at both hearings the United States was represented by the Office of the United States Attorney for the Western District of Pennsylvania.

were dismissed, then courts should not construe Rule 4(d)(4) so rigidly as to deny plaintiffs relief from dismissal because of a technical defect in service. *Jordan v. United States*, 694 F.2d at 836. *Also see, e.g., Piendak v. Local Board No. 5*, 318 F.Supp. 1393 (W.D.Pa.1970) (although plaintiff did not serve the U.S. Attorney and Attorney General as required by the rules, because the U.S. Attorney vigorously represented the United States throughout the proceedings, adequate notice has been afforded to the United States and no prejudice resulted from failure to comply with the rules); *Fugle v. United States*, 157 F.Supp. 81 (D.Mont.1957) (where plaintiff served Assistant U.S. Attorney but not Attorney General as required by the rule, and United States participated in proceedings before moving to dismiss for failure to serve proper process, plaintiff would be given the opportunity to complete service under rule of excusable neglect).

▪ The question here is whether there was a "technical defect in service" or a complete failure of service. The "technical defect" in question refers to a defect in service upon the United States, not upon one or another of the representatives of the United States named in Rule 4(d)(4) as recipients of service. In the instant case, plaintiffs personally served the United States Attorney with a copy of the complaint and mailed the United States Attorney copies of both the summons and complaint, which were acknowledged as received well within the 120 day period of Rule 4(j). A copy of the summons and complaint was also mailed to the Attorney General, though not by registered or certified mail, and there is no contention that such was not received within the 120 day period. The plaintiffs' errors appear to be technical defects in service to which a *Jordan* analysis applies.

▪ In applying the four-part test of *Jordan* it appears to this Court that (1) the necessary government parties had actual notice of the lawsuit, the United States Attorney acknowledges receipt of the summons and complaint on January 17, 1991; (2) there is no prejudice to the government from the technical defect, and in fact, it participated in two pre-trial hearings; and (3) the plaintiffs would be severely prejudiced by the dismissal of the lawsuit as it appears that their action is now barred by the nine-month statute of limitations pursuant to 26 U.S.C. § 6532(c)(1).

The only factor not weighing heavily in plaintiffs' favor is whether the plaintiffs had a justifiable excuse for the improper service. Though the fact that the plaintiffs are acting pro se is not an excuse in and of itself, it is a factor which this Court gives considerable weight. In addition, in reading the plaintiffs' Response to Defendant's Motion to Dismiss, it appears the plaintiffs believed they corrected any defects in service by "serving" the summons and complaint on the United States Attorney. (See Paragraph 3, Plaintiffs' Response to Defendant's Motion to Dismiss). Rule 4(d)(4) states service shall be made by "delivering" a copy of the summons and complaint to the United States Attorney. Plaintiffs may well have believed they had properly "delivered" the summons and complaint, and as such, awaited the Court's ruling on the defendant's Motion to Dismiss. We therefore find plaintiffs have a justifiable excuse for their failure to serve properly.

Because we find an exception in this case to the requirements of Rule 4(d)(4), we refuse to dismiss pursuant to Rule 4(j).[2] Rule 4(j) was designed to prevent inadvertent or heedless nonservice of process. We do not have such a situation in this case because the plaintiffs have demonstrated reasonable efforts to effect service prior to the expiration of the 120 day period.

Defendant also contends plaintiffs' lawsuit should be dismissed pursuant to Rule 12(b)(6). In reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) the court must take all the well pleaded allegations

**2.** It is noted that defendant raised the issue of plaintiffs' failure to perfect service of process within the mandated 120 day period pursuant to Rule 4(j) in its Supplemental Motion to Dismiss filed November 1, 1991, after the expiration of the statute of limitations governing plaintiffs' lawsuit.

as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir. 1988). In addition, the Supreme Court has stated that pro se complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

With such standard in mind, this Court finds that plaintiffs have met the requisite notice pleading standards of the Federal Rules.

Pursuant to the above, it is hereby

ORDERED, that defendant's Motion to Dismiss is DENIED.