### Dan VAN MANEN and Linda Van Manen, Plaintiffs,

v.

### UNITED STATES of America, Defendant.

#### No. 1:93–CV–157.

United States District Court,
W.D. Michigan, S.D.

Aug. 20, 1993.

---

Dan Van Manen, pro se.

Linda Van Manen, pro se.

Michael L. Schipper, Asst. U.S. Atty., John A. Smietanka, U.S. Atty., Grand Rapids, MI, Keith V. Morgan, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S.

## OPINION

BENJAMIN F. GIBSON, Chief Judge.

Before the Court are the motions of defendant United States of America to set aside the entry of default and to dismiss plaintiffs' complaint.

Plaintiffs filed a complaint to quash six Internal Revenue Service summons directed at banks incident to a tax audit of plaintiffs for the taxable years 1986–1991. Plaintiffs refused to cooperate with the tax auditor's examination and would not identify the banks that they used.

Plaintiffs state three grounds for their petition to quash, none of which state a viable claim. First, petitioners maintain the tax auditor lacked the required delegated authority to issue the summons. However, Delegation Order No. 4 of the Internal Revenue Manual clearly establishes that the tax auditor acted properly within her delegated authority in issuing the summonses to the three banks. In relevant part, the order states:

the Commissioner has authorized the following examiners of the District Examination functions to issue summonses except

'John Doe' summonses and perform other functions, subject to the limitations stated in Order: Internal Revenue Agents; *Tax Auditors;* Attorneys, Estate Tax; and Estate Tax Examiners. (emphasis added)

■ Second, Petitioners claim there are insufficient grounds to believe the banks in this affair have relevant information. This assertion is not correct. From the beginning, petitioners have been uncooperative with the IRS in this matter. The United States Supreme Court in *United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), sets forth three requirements for the enforceability of the summons: (1) the summoned materials are relevant to the purpose of the inquiry; (2) the information sought is not already within the Commissioners's possession; and (3) compliance with the administrative steps required by the Internal Revenue Code in issuing a summons. All three requirements were satisfied in the present case.

■ Third, petitioners assert that they are not individuals liable for income taxes. However, it is well established that the taxing power of the United States extends to every citizen of the country. *Dennis v. United States,* 660 F.Supp. 870, 875 (C.D.Ill.1987); *Ponsford v. United States,* 771 F.2d 1305, 1307 (9th Cir.1985). The theory that petitioners are not taxpayers and that therefore the IRS has no "jurisdiction" to issue summonses has been consistently rejected by the courts. *See, Dennis, supra* at 660 F.Supp. 875.

■ Defendant argues that plaintiffs' claim also should be dismissed for failure of proper service. In an action against the United States, Rule 4(d)(4) of the Federal Rules of Civil Procedure requires that petitioners do two things. First, they must deliver a copy of the summons and the complaint on the United States attorney for the district in which the action is brought. Second, petitioners must send a copy of the summons and the complaint to the Attorney General of the United States in Washington, D.C. Failure to comply with either or both of these requirements usually will lead to a dismissal of the action. *George v. Department of Labor, O.S.H.A.,* 788 F.2d 1115 (5th Cir.1986); *Messenger v. U.S.,* 231 F.2d 328 (2d Cir.1956).

Petitioners in this case met the first requirement but varied from the conditions of the second requirement. They did not send a copy of the summons and the complaint to *the* United States Attorney General as Rule 4(d)(4) requires; rather, they sent them to the "Attorney General, Tax Division," a position that does not exist.

Contrary to defendant's contention, the variation does not violate the sovereign immunity of the United States. The petitioners' error appears to be a technical defect of service rather than a complete failure of service. Several circuits have held that Rule 4(d)(4) should not be construed so narrowly as to prevent relief from dismissal in every case in which plaintiff's method of service suffers from a technical defect. *Zankel v. United States,* 921 F.2d 432, 436 (2d Cir. 1990); *Borzeka v. Heckler,* 739 F.2d 444, 447 (9th Cir.1984); *Jordan v. United States,* 694 F.2d 833, 836 (D.C.Cir.1982) (per curium). The *Jordan* case set out a four-part test to apply in factual situations that arguably call for equitable relief from a Rule 4(d)(4) dismissal. The four factors are: if (1) necessary parties in the government have actual notice of the suit; (2) the government suffers no prejudice from a technical defect in service; (3) there is a justifiable excuse for the failure to serve properly; and (4) the plaintiff would be severely prejudiced if the complaint were dismissed. *Id.* at 836.

Petitioners meet three of these four requirements. First, the United States had notice of the lawsuit, with the United States Attorney actually acknowledging receipt of the summons and complaint. Second, the government suffered no prejudice from an actual defect in service. As to the third factor, this court is generally more solicitous of the rights of pro se litigants, particularly when technical jurisdictional requirements are involved. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

Petitioners fail to meet the fourth requirement of the *Jordan* test, however, because they would not be severely prejudiced by the

dismissal of this lawsuit due to ineffective service under Rule 4(d)(4). Regardless of whether petitioners properly served the United States Attorney General or not, their complaint still failed to state a claim upon which relief can be granted and should be dismissed on that basis independently.

According to Rule 55(e) of the Federal Rules of Civil Procedure "[no] judgment by default shall be entered against the United States ... unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Because this court finds that petitioners have failed to state a claim for which relief can be granted, respondent's motion to dismiss and its motion to set aside entry of default are both granted.