8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hanif Nassor COVINGTON, Plaintiff-Appellant,
v.
UNITED STATES of America; Fluor Daniel, Inc., Defendants-Appellees.
 No. 92-15245.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 18, 1993.
Decided Sept. 21, 1993.
 
 1
 Before: NORRIS and RYMER, Circuit Judges, and TAYLOR,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Hanif Nassor Covington appeals the district court's dismissal under Fed.R.Civ.P. 12(b)(5) of his complaint against the United States for insufficiency of service within the 120 day period provided by Fed.R.Civ.P. 4(j). The district court held that Covington's attorneys' failure to research and comply with Rule 4 was not justifiably excused on account of the fact that an attorney for the Department of Energy (DOE), with whom Covington's attorney had been working on his claim, had said (incorrectly) that DOE would accept service and later (also incorrectly), that the papers should be mailed to the United States Attorney's office where they would routinely be accepted. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * Covington fell down a flight of stairs on April 26, 1990 at Lawrence Livermore National Laboratories and suffered various injuries, including paralysis. He filed a claim under the Federal Torts Claims Act against the DOE, the building's owner. The claim was rejected February 11, 1991, and on April 15, 1991 Covington brought this action in the district court.[1]
 
 
 5
 In late April or early May 1991, Janis Parenti, a DOE attorney working on the case, told Gerald Kroll, Covington's attorney, that DOE would accept service and that he should mail the summons and complaint to DOE. Kroll's associate, Ronald Takehara, sent the summons and complaint to DOE.
 
 
 6
 Because they had heard nothing from DOE, Kroll and Takehara called Parenti in late June, 1991. Construing the facts in Covington's favor, as the district court did, Parenti then told Kroll that her office would not be representing the DOE but the United States Attorney's office would be. She indicated that the summons and complaint should be mailed to the U.S. Attorney where the papers would routinely be accepted by them on behalf of her agency.[2]
 
 
 7
 Kroll then sent a copy of the summons and complaint to the United States Attorney's office for the Northern District of California on July 3, 1991. The 120 day period for perfecting service upon the United States expired August 13. On that same date, Takehara received a letter from the U.S. Attorney, dated August 7, acknowledging receipt of the complaint but advising that service was improper under Rule 4. Thirteen days later, on August 26, Kroll arranged for the United States Attorney to be personally served and for the summons and complaint to be sent to the Attorney General.
 
 
 8
 In ruling on the United States' motion to dismiss, the district court assumed that three of the four factors that courts must consider when deciding whether to excuse failure to comply with the personal service requirement of Rule 4(d)(4)[3] favored Covington, but it found that the fourth factor--whether the party failing to serve properly established a justifiable excuse--weighed decisively against him. As it held,
 
 
 9
 [Covington] does not even argue that he made an attempt to serve the Attorney General of the United States. This defect in itself would justify dismissal ... [Parenti's advice] does not constitute a "justifiable excuse." Opposing counsel is not responsible for doing the plaintiff's legal research for him. If the plaintiff had bothered to read the Federal Rule governing service, he would have plainly seen the service requirements for this action.
 
 
 10
 We cannot say the district court abused its discretion in dismissing Covington's complaint. Hart v. United States, 817 F.2d 78, 80 (9th Cir.1987).
 
 II
 
 11
 To accomplish service on the United States, Rule 4(d)(4) requires that a copy of the summons and complaint be delivered to the United States Attorney for the district in which the action is brought--in this case, the Northern District of California--and be sent by registered or certified mail to the Attorney General. Fed.R.Civ.P. 4(d)(4). Covington failed to comply with both prongs of Rule 4(d)(4).
 
 
 12
 Failures to comply with Rule 4 may be excused if the party to be served personally received notice, the defendant would suffer no prejudice, there is justifiable excuse for the failure to serve properly, and the plaintiff would be severely prejudiced. Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir.1984). We assume, as did the district court, that all factors but justifiable excuse weigh in Covington's favor.
 
 
 13
 The district court's finding as to the justifiable excuse factor was well within its discretion. No attempt was made to serve the Attorney General, or the United States Attorney, until after the 120 day period provided in Rule 4 had passed. Rule 4(d)(4) states on its face that both the United States Attorney and the Attorney General must be served as prescribed. Whether correctly or not, Covington's complaint named as defendants the United States and the DOE. Thus, even assuming that Kroll's reliance on Parenti was justifiable, this only goes to service on DOE as a defendant and not the United States. The district court therefore correctly held that failing to attempt to serve the Attorney General in itself would justify dismissal.
 
 
 14
 The district court's discretion was further informed by the fact that Covington was represented by counsel who arguably was familiar with Rule 4 but relied on opposing counsel's word over the telephone as to service on DOE, instead of his own research as to service on the United States. While professional courtesy in such matters may not be uncommon in ordinary civil matters, there is no evidence that Covington's counsel was relying on custom and practice in dealing with the United States government or that to do so based on an oral conversation with a staff attorney is a generally accepted standard of practice.
 
 
 15
 Covington's counsel also failed to try to get it right on the day they say they were advised by the United States Attorney's office that personal service was required. Even though by their own account that advice came sometime on the 120th, or last, day for service under Rule 4, they unaccountably waited 13 days before attempting to serve the United States Attorney personally or the Attorney General by registered or certified mail.
 
 
 16
 These facts distinguish this case from others upon which Covington relies in which a justifiable excuse has been found. In Borzeka, a pro se plaintiff did not serve the United States Attorney personally because he got erroneous information from the district court about how to accomplish service, and the United States Attorney's Office then ignored the complaint until after a default motion was granted. 739 F.2d at 447. Here, Covington had a lawyer and, to the extent erroneous advice about serving the United States through DOE was given, it was corrected in ample time to call opposing counsel's advice into question, research the rule, and try to comply. In Jordan v. United States, 694 F.2d 833 (D.C.Cir.1982), a U.S. Marshal, contrary to plaintiff's counsel's instructions, served the Attorney General instead of the United States Attorney. Id. at 834. The D.C. Circuit excused the failure to serve the United States Attorney since it resulted from reliance on the Marshal as opposed to negligence or inadvertence. Id. at 835-36. By contrast, the district court found that had Covington "bothered to read the Federal Rule governing service, he would have plainly seen the service requirements for this action." Unlike in Jordan, therefore, Covington's counsel's mistake was not just in relying on faulty advice. Finally in Zankel v. United States, 921 F.2d 432 (2d Cir.1990), while the United States Attorney was served properly by plaintiff's attorney, a copy of the summons and complaint was not mailed to the Attorney General because of poor office procedure or ignorance of the Rule. Id. at 434-35. The Second Circuit excused the failure to comply with Rule 4, because the government was "over-aggressive" in not specifying what was wrong with the service until 15 months into the litigation. No similar abuse of the system exists in this case. Even assuming Covington was lulled for a while by Parenti's advice, there was time at the end of the day to try to comply.
 
 
 17
 Covington's case fits within the parameters of the great weight of our cases which have found no justifiable excuse. See, e.g., Fimbres v. United States, 833 F.2d 138, 139 (9th Cir.1987) (late service because litigants lacked financial resources to prosecute action not justifiable excuse); Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987) (attorney's ignorance of Rule 4 not justifiable excuse); Hart, 817 F.2d at 80-81 (attorney's secretary's mistake in not sending complaint to Attorney General not excused even though she was told by the attorney to mail it to the United States Attorney); Whale v. United States, 792 F.2d 951, 953 (9th Cir.1986) (attorney's mistaken belief that service by mail is sufficient is not justifiable excuse); Reynolds v. United States, 782 F.2d 837, 838 (9th Cir.1986) (per curiam) (attorney's secretary's reliance on advice of "someone" at Marine base that JAG would accept service not justifiable excuse); Wei v. Hawaii, 763 F.2d 370, 371 (9th Cir.1985) (per curiam) (attorney's failure to note the 120 day deadline on a calendar not good cause); see also Boudette v. Barnette, 923 F.2d 754 (9th Cir.1991) (pro se litigant's reliance on clerk to tell him when time for filing started to run was not justifiable excuse for untimely service). Covington was represented by an attorney, the attorney acted either in ignorance of the Rule or oversight of it, and the advice upon which the attorney relied, albeit erroneous, had to do with service on DOE, which had been named as a defendant in addition to the United States, not directly with service on the United States.
 
 
 18
 However infelicitous the result so far as Covington is concerned, we cannot say the district court abused its discretion in concluding that the failure of Covington's counsel to serve the United States by effecting proper service on the Attorney General and the United States Attorney, was not justifiably excused because he relied on a staff attorney's advice about service on the DOE instead of doing his own research about how to serve the United States. Accordingly, we affirm. We note, however, that our holding should not be read to imply that a private attorney's reliance on what a government attorney says may never constitute "justifiable excuse," or that the common civility of agreeing to accept service is never applicable in government cases.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The Honorable Gary L. Taylor, District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 His complaint named the United States and the Department of Energy. Only the United States is a proper defendant in a Federal Tort Claims action
 
 
 [2]
 Parenti denies saying this
 
 
 [3]
 See Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir.1984) (Dismissal is not required if: "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse [good cause] for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.")