**Julius J. JONES, Jr., Plaintiff–Appellant,**

v.

**Anthony M. FRANK, Postmaster General, United States Postal Service, Defendant–Appellee.**

No. 91–1331.

United States Court of Appeals, Tenth Circuit.

Aug. 26, 1992.

Barry D. Roseman, Denver, Colo., for plaintiff-appellant.

Michael J. Norton, U.S. Atty., and Stephen D. Taylor, Asst. U.S. Atty., Denver, Colo., for defendant-appellee.

Before MOORE, BARRETT, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Plaintiff filed this action against the Defendant Postmaster General alleging employment discrimination by the United States Postal Service. On Defendant's motion, the district court dismissed Plaintiff's case without prejudice pursuant to Fed. R.Civ.P. 4(j) because Plaintiff failed to properly serve the United States within 120 days from the date the complaint was filed. We review the district court's dismissal for untimely service for abuse of discretion. *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir.1991). We find that the district court did not abuse its discretion and affirm.[1]

Proceeding pro se, Plaintiff filed his complaint on September 28, 1990. Because the complaint was filed in Colorado against the Postmaster General, an officer of the United States, Plaintiff was required to serve the Postmaster General, the U.S. Attorney General, and the U.S. Attorney for the District of Colorado. Fed.R.Civ.P. 4(d)(4) and (5). The Rules require Plaintiff to serve the summons and complaint on the Postmaster General and Attorney General by certified or registered mail and to deliver a copy of the summons and complaint to

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.

R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

the U.S. Attorney. *Id.* Plaintiff, however, attempted service only by sending, via regular mail, copies of the summons and complaint to all three government parties.

On October 11 and 24, 1990, the U.S. Attorney sent letters to Plaintiff notifying him that he had not properly served the government parties. Plaintiff still did not make proper service, and on December 3, 1990, the U.S. Attorney made a special appearance and moved to dismiss the action because the complaint had not been served in compliance with Rules 4(d)(4) and (5). The district court ordered Plaintiff to respond to the motion by December 26, but Plaintiff failed to respond. On January 11, 1991, the U.S. Attorney filed a second motion to dismiss, and the district court ordered Plaintiff to respond by February 4. Plaintiff responded on February 5, stating he was in the process of hiring a lawyer and would ensure proper service within ten days. Plaintiff again did not re-serve the summons and complaint. The 120–day period ended on January 28, 1991.

On August 16, 1991, the district court held a hearing on Defendant's Motion to Dismiss and requested Plaintiff to show good cause why he had not made proper service. Finding that Plaintiff, who by this time was represented by counsel, could not show good cause, the district court dismissed the complaint without prejudice pursuant to Rule 4(j) for failing to make proper service within 120 days from the filing of the complaint.

On appeal, Plaintiff urges us to adopt a four-factor test for reviewing the dismissal of a suit against the United States when service has not been made in strict compliance with Rules 4(d)(4) and (5). Under this test, which has been used by the District of Columbia, Second, and Ninth Circuits, failure to comply with Rule 4(d)'s personal service requirement does not require dismissal of the complaint if

(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.

*Borzeka v. Heckler,* 739 F.2d 444, 447 (9th Cir.1984); *see also Zankel v. United States,* 921 F.2d 432, 436 (2d Cir.1990); *Jordan v. United States,* 694 F.2d 833, 836 (D.C.Cir.1982). This is sometimes referred to as the *Jordan* test.

This court has not yet addressed the issue of whether to adopt the *Jordan* test to determine whether service on the United States was adequate. At least one other circuit that has addressed this issue has refused to adopt the test. *See Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991). The courts that have adopted *Jordan* have applied it with restraint. *See McGregor v. United States,* 933 F.2d 156, 160–61 (2d Cir.1991); *Whale v. United States,* 792 F.2d 951, 953–54 (9th Cir.1986).

■ We need not decide whether to adopt the *Jordan* test or whether to rely solely on Rule 4(j) because Plaintiff's service on the United States was deficient under either analysis. The U.S. Attorney twice sent letters to Plaintiff notifying him that service upon the United States failed to comply with the Rules. Defendant then filed a Motion to Dismiss which also raised the deficiencies and essentially explained to Plaintiff what was necessary to properly serve the United States. The letters were sent and the motion was filed well within the 120–day service period, yet Plaintiff failed to correct the defects in service. Neither at the hearing on the Motion to Dismiss nor in his appellate briefs did Plaintiff provide any explanation for his failure to obtain proper service. In addition, the record does not show that the Postmaster General and Attorney General had actual notice of the complaint within the 120–day period.

Thus, applying either the "good cause" analysis the district court applied pursuant to Rule 4(j) or the "justifiable excuse" analysis required by the *Jordan* test, we

cannot sanction Plaintiff's complete failure to correct his service defects after being told what was wrong. *See McGregor v. United States*, 933 F.2d at 161 (applying *Jordan* test and affirming dismissal of complaint where government's answer raised insufficiency of service as affirmative defense and plaintiff failed to correct deficiency); *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1014 (5th Cir.1990) (affirming dismissal of plaintiff's pro se complaint where plaintiff failed to correct service defects after U.S. Attorney advised him of defects); *Whale v. United States*, 792 F.2d at 953–54 (affirming dismissal of complaint under *Jordan* test where plaintiff could not show any justifiable excuse for not complying with the Rules); *see also Moncrief v. Stone*, 961 F.2d 595, 597–98 (6th Cir.1992) (affirming dismissal of complaint where plaintiff could offer no reason for failing to timely serve United States and finding under the facts of the case no need to accept or reject the *Jordan* test). None of the cases Plaintiff cites supports his argument that a court may ignore a plaintiff's unjustified failure to comply with the Rules for serving the United States.

We have also considered Plaintiff's contention that dismissal was improper because the district court did not provide him with adequate prior notice of the dismissal. We find this contention to be without merit.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.