9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert H. KETCHUM, aka John Q. Shangreaux, aka Guy Simpson,
Plaintiff-Appellant,
v.
ALBUQUERQUE POLICE DEPARTMENT; Bernalillo County Detention
Center; Roswell Police Department; Tucumcari Police
Department; Attorney General of the State of New Mexico;
County of Bernalillo; John Doe, Albquerque Police Officers
1 through 4; Officer Wren, Director of the Bernalillo
County Detention Center; John Doe, Bernalillo County
Detention Centers Corrections Officers 1 through 6;
Roswell, City of; Tucumcari, City of; Chaves County; Quay
County; John Doe, Tucumcari Police officer; John Doe,
Roswell Police Officer; Defendants-Appellees.
 No. 93-2167.
 United States Court of Appeals, Tenth Circuit.
 Nov. 4, 1993.
 
 ORDER AND JUDGMENT*
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. Furthermore, the parties did not request oral argument. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Robert Ketchum originally filed a pro se 42 U.S.C.1983 and 1985 civil rights action in the United States District Court for the District of New Mexico. The Defendants named in the original complaint were the Albuquerque City Police, the Bernalillo County Detention Center, the Roswell City Police, and the Tucumcari City Police.
 
 
 3
 In his original complaint, Mr.Ketchum asserted that the Defendants violated his constitutional rights by falsely arresting him on numerous occasions, physically abusing him while under arrest, and denying him medical attention and access to the courts. Sometime thereafter Appellant filed a motion to amend his complaint to add new claims and defendants. The district court denied the motion and dismissed Appellant's 1983 claim with prejudice and the 1985 claim without prejudice. In an unpublished opinion, this court reversed in part the district court's decision thereby allowing Appellant to file an amended complaint and reallege his 1983 claim. Ketchum v. Albuquerque Police Dep't, et al., No. 91-2200, slip op. (10th Cir. March 12, 1992).
 
 
 4
 Subsequently, Appellant filed his first amended complaint that included new claims for relief. However, the new caption written by Appellant listed an entirely different set of Defendants than those listed in the original complaint. Although not discussing the complete lack of the original Defendants in the amended complaint, the district court struck the amended complaint for other specified deficiencies. However, the court permitted Appellant to file a second amended complaint correcting the deficiencies by June 30, 1992.
 
 
 5
 Appellant's second amended complaint was filed on June 15, 1992. The caption of the second amended complaint described the Defendants as "Cities of: Albuquerque, Roswell, Tucumcarie [sic], Counties of Quay and Chaves, et al." For purposes of this appeal, we assume that Appellant meant to include in his second amended complaint all of the Defendants whom he had listed in his first amended complaint and not just those specifically named in the caption of the second amended complaint.
 
 
 6
 Defendants City of Albuquerque and its police officers settled this case with court approval on October 2, 1992. Consequently, the remaining Defendants, who were listed in the first amended complaint, comprise the Appellees to this appeal.
 
 
 7
 On January 28, 1993, Appellees filed a motion to dismiss pursuant to Rule 4(j) of the Federal Rules of Civil Procedure claiming that Mr.Ketchum had failed to serve them with the second amended complaint within 120 days after filing it as required by the rule. Apparently, the court clerk's office sent a letter on February 3, 1993 notifying Appellant that he must respond to Appellees' motion. In a subsequent memorandum order the district court noted that Appellant had not responded to the motion, but nevertheless granted him until March 5, 1993 to show good cause for this failure. Appellant filed a response in which he stated that he had "responded by sending copied [sic] of the documents to the court and to the defendants' attorney about May 25th, 1992," and that he never received the letter sent by the court clerk. Record on Appeal, doc. 49. The Appellees' attorney proffered an affidavit in which she stated that any copies of the second amended complaint that she received were sent by the district court and that Appellant had not served her or any of the Appellees.
 
 
 8
 Ultimately, the district court dismissed the second amended complaint in part because Appellant failed to show cause for his not responding to the Appellees' motion to dismiss. The court noted that Appellant never denied receiving Appellees' motion to dismiss. The court also found that his assertion that he had responded to Appellees' motion on May 25, 1992 was nonsensical because the motion had not been filed at that time. Consequently, the court reasoned that Appellant had failed to show cause and therefore his second amended complaint should be dismissed. In further support of its decision, the court noted that Appellant had in fact failed to properly serve the Appellees within 120 days in contravention of Rule 4(j) of the Federal Rules of Civil Procedure. Mr. Ketchum appeals the dismissal without prejudice of his second amended complaint.
 
 
 9
 We are mindful of our duty to liberally construe pleadings of pro se litigants. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.). However, such a litigant must adhere to the same rules of procedure as other litigants. Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.). Also, we need not manufacture issues for pro se parties. National Commodity and Barter Ass'n v. Gibbs, 886 F.2d 1240, 1244 (10th Cir.).
 
 
 10
 Employing the most liberal construction of Mr.Ketchum's appeal, we find that he has not challenged the district court's finding that he failed to show cause for not responding to Appellees' motion to dismiss. Consequently, he has waived this issue and the district court's decision must stand.
 
 
 11
 Furthermore, after carefully reviewing the record, we conclude that the district court did not err in finding that the Appellees were not properly served. For all practical purposes the second amended complaint is an original complaint with respect to the Appellees because they first appeared in the amended complaint and because the second amended complaint does not include any of the original Defendants. Consequently, Appellant was required to adhere to the personal service demands of Rule 4 with respect to the second amended complaint. Cf. Jones v. Frank, 973 F.2d 872 (10th Cir.). The evidence strongly suggests that Appellant merely mailed a copy of the second amended complaint to the district court which clearly falls short of the requirements of Rule 4. Even if Appellant had mailed a copy of the second amended complaint to Appellees' attorney, this would not be effective service under the rule since there is no evidence that Appellees' attorney was specifically appointed to receive service of process, see Santos v. State Farm Fire & Casualty Co., 902 F.2d 1092, 1094 (2d Cir.), nor is there evidence that a summons was attached to the second amended complaint.
 
 
 12
 Rule 4(j) provides in pertinent part that "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint ... the action shall be dismissed as to that defendant without prejudice...." Because Appellant has failed to show good cause why he did not serve Appellees in conformity with Rule 4, we hold that dismissal of his claims without prejudice was appropriate.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3