13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Douglas B. LOVE, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF DEFENSE, Dick Cheney, Secretary, (Defense
Logistics Agency), Defendant-Appellee.
 No. 93-6254.
 United States Court of Appeals, Tenth Circuit.
 Nov. 24, 1993.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK and KELLY, Circuit Judges.[2]
 
 
 1
 Plaintiff Douglas B. Love, appearing pro se, appeals the district court's denial of his motion to reconsider the dismissal of his case for lack of proper service. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 2
 Plaintiff, appearing pro se with the assistance of a "representative agent," filed this cause of action in federal district court on October 23, 1992, alleging the Department of Defense discriminated against him because of his handicap. Pursuant to Fed.R.Civ.P. 4(d)(4), Plaintiff was required to serve the Secretary of Defense by certified mail, the Attorney General by certified mail, and the United States Attorney for the Western District of Oklahoma personally. He served only the Secretary of Defense. The government asserts that Plaintiff was informed that his service was defective by letter dated February 12, 1993. Plaintiff asserts that he never received this letter. Plaintiff's 120-day time limit for perfection of service expired on February 20, 1993. See Fed.R.Civ.P. 4(j) (if service is not made within 120 days after complaint is filed and plaintiff cannot show "good cause" for his failure to do so, court shall dismiss action without prejudice). On April 1, 1993, the district court held a scheduling conference at which the court advised Plaintiff to obtain proper service. Plaintiff still did not perfect service. On May 4, 1993, the government filed a motion to dismiss for lack of proper service. Plaintiff failed to respond to this motion, and the district court dismissed Plaintiff's action pursuant to Rule 4(j), which is a dismissal without prejudice, on May 26, 1993. Plaintiff then filed a motion to reconsider and to allow him to perfect service, which was denied on June 9, 1993. On July 8, 1993, Plaintiff filed his notice of appeal, appealing the district court's denial of his motion to reconsider. We review the district court's denial of Plaintiff's motion to reconsider for abuse of discretion. Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir.1991).
 
 
 3
 In light of Plaintiff's failure to respond to Defendant's motion to dismiss and his failure to allege good cause for his unperfected service in his motion to reconsider, we find no abuse of discretion in the district court's denial of Plaintiff's motion to reconsider. Both the court and apparently the government notified Plaintiff of the service requirements, and Plaintiff failed to comply. Even if this circuit were to adopt the test outlined in Jordan v. United States, 694 F.2d 833, 836 (D.C.Cir.1982)--i.e., a complaint will not be dismissed for inadequate service if: (1) the party to be served personally received actual notice, (2) the defendant would suffer no prejudice from the defect in service, (3) there is a justifiable excuse for the failure to serve properly, and (4)the plaintiff would be severely prejudiced if his complaint were dismissed--Plaintiff's complaint would still require dismissal because Plaintiff has failed to demonstrate that he had a "justifiable excuse for his failure to serve properly." See Jones v. Frank, 973 F.2d 872, 873 (10th Cir.1992) (this circuit has not yet determined whether to adopt Jordan test).
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument