33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sadie RODRIGUEZ, Plaintiff-Appellant,
v.
DENVER, CITY AND COUNTY OF; Officer John Doe I; Officer
John Doe II; Officer John Doe III, individually
and as police officers in the Denver
Police Department, Defendants-Appellees.
 No. 93-1319.
 United States Court of Appeals, Tenth Circuit.
 Aug. 22, 1994.
 
 1
 Before LOGAN and BARRETT, Circuit Judges, and RUSSELL,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DAVID L. RUSSELL, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff-Appellant Sadie Rodriguez appeals the district court's dismissal of her action for failure to serve defendant City and County of Denver (City) within 120 days after filing her complaint. Because process was timely served, we reverse and remand for further proceedings.
 
 
 6
 Ms. Rodriguez filed her action on November 13, 1992. The summons and complaint were served on the City on Monday, March 15, 1993. Service, therefore, was effected 122 days after the complaint was filed.
 
 
 7
 The City filed its answer on April 30, 1993. No objection was raised regarding the timeliness of service of process. The district court, sua sponte, telephoned Ms. Rodriguez's attorney and directed him to show good cause why service had not been effected within 120 days after filing the complaint. Receiving no response, the court dismissed the action without prejudice. This appeal followed.
 
 
 8
 "We review the district court's dismissal for untimely service for abuse of discretion." Jones v. Frank, 973 F.2d 872, 872 (10th Cir.1992). The Federal Rules of Civil Procedure require a plaintiff to serve the summons and complaint upon a defendant within 120 days after the complaint is filed. Fed.R.Civ.P. 4(m) (formerly Rule 4(j)). If service is not completed within this time, the court must dismiss the case unless good cause is shown for the plaintiff's failure to comply with the rule. Id.
 
 
 9
 The rules of civil procedure also provide that when an act must be done within a particular period, and the end of that period falls on a Saturday, Sunday, or legal holiday, "the period runs until the end of the next day which is not one of the aforementioned days." Fed.R.Civ.P. 6(a). Here, the 120th day after Ms. Rodriguez's complaint was filed fell on a Saturday. Service, therefore, was not required until the following Monday. As the City was served on that day, there was no violation of the rule.
 
 
 10
 The City argues that because service of process is jurisdictional, Rule 6(a) should not apply. No authority is cited for this proposition, and we see no good reason to carve out such an exception. The plain language of the rule states that it applies when computing "any" period of time prescribed by the rules. The fact that process must be served to obtain jurisdiction over the defendant does not impart some talismanic quality to the rule. Rather, both personal jurisdiction and inadequate service of process can be waived where, as here, the defendant files an answer without raising such defenses. See Fed.R.Civ.P. 12(h)(1).
 
 
 11
 The judgment of the United States District Court for the District of Colorado is REVERSED, and the case is REMANDED for further proceedings.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470