# UNITED STATES COURT OF APPEALS

**Filed 12/10/96**

## TENTH CIRCUIT

---

JOANNE CARTER,

      Plaintiff-Appellant,

v.

J.D. SHARP; OKLAHOMA COUNTY
JAIL; UNITED STATES MARSHAL
SERVICE; OFFICER BONNIE,

      Defendants-Appellees.

No. 95-6447
(D.C. No. 95-CV-171)
(W.D. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

---

Plaintiff-appellant Jo Anne Carter appeals the dismissal of her 42 U.S.C. § 1983

action for failure to prosecute and failure to effect timely service. Carter appears

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

in this action, as she did below, <u>pro se</u> and <u>in forma pauperis</u>.[1]

Carter alleges that her constitutional rights were violated while she was temporarily housed in the Oklahoma County Detention Center as an in-transit federal prisoner. Carter is claustrophobic and claims that against doctor's orders she was "locked down." Her complaint lists several other grievances, among them that the law library at the detention center was inadequate, and that she did not receive proper eating utensils.

The district court did not reach the merits of Carter's claims, but instead, in an order dated November 30, 1995, dismissed the action without prejudice when Carter failed to serve defendant J.D. Sharp within 120 days as required by Fed. R. Civ. P. 4(m). We review the district court's dismissal for untimely service for an abuse of discretion. <u>Espinoza v. United States</u>, 52 F.3d 838, 840 (10th Cir. 1995).

Plaintiff filed her original complaint on February 2, 1995, naming as defendants the Oklahoma County Jail and the U.S. Marshal's Service. Finding that neither of the defendants was a suable entity, the district court, by order dated March 28, 1995, granted the plaintiff fifteen days to amend the complaint and

---

[1] The district court granted appellant leave to proceed <u>in forma pauperis</u> on appeal. Since appellant filed her notice of appeal on December 8, 1995, prior to the enactment of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), the Act's amendments to 28 U.S.C. § 1915 do not apply here. <u>White v. Gregory</u>, 87 F.3d 429, 430 (10th Cir.), <u>cert. denied</u>, No. 96-6330, 1996 WL 604229 (U.S. Dec. 2, 1996).

advised the plaintiff that failure to do so would result in dismissal of the complaint. Plaintiff subsequently filed two complaints naming "Sheriff John Doe" as a defendant in one and Detention Officer Bonnie "last name unknown" in the other. In an order dated May 17, 1995, United States Magistrate Judge Doyle W. Argo advised plaintiff that J.D. Sharp, as the Sheriff of Oklahoma County, would be substituted for "Sheriff John Doe" and that the two complaints would be construed as one for purposes of the action. Plaintiff was directed to complete the necessary service papers and to furnish them to the Clerk of Court for processing and issuance. In an order dated August 2, 1995, Carter was again reminded of the requirement that service be completed within 120 days.

On October 24, 1995, 160 days after Carter's complaint was amended, Magistrate Judge Argo recommended that Carter's complaint be dismissed pursuant to Fed. R. Civ. P. 4(m) because Carter still had not served defendant Sharp. Carter objected to the Magistrate's Report and Recommendation. She claimed that she had failed to serve the defendant because she was unfamiliar with the proper procedure, was not allowed to phone the court clerk for direction, and did not receive the service papers. The district court adopted the Magistrate's Report. The court found that plaintiff knew the service requirements of Fed. R. Civ. P. 4, and that she should have requested that service papers be sent to her if she did not receive them. In ruling that Carter did not show good cause for her

failure to serve the defendants, the district court did not abuse its discretion. By initially filing her complaint, and amending it numerous times thereafter, plaintiff demonstrated that she knows how to communicate with the court. She was apprised of the need to serve defendants several times by the court. She admits in her brief to this court that she knows what service papers look like as she has received and filled them out in the past. Although as a pro se litigant Carter is entitled to some leniency, she must comply with the federal rules of procedure. Further, we have held that dismissal of a pro se complaint may be proper pursuant to Rule 4(m). Jones v. Frank, 973 F.2d 872, 873-874 (10th Cir. 1992).

After reviewing the record on appeal and the briefs submitted, we affirm the district court's November 30, 1995, Order dismissing Carter's complaint without prejudice for substantially the same reasons set forth therein. The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 4 -