**CLD-160**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4576
_____

AMBROSE SYKES,
                                                            Appellant

v.

THOMAS CARROLL; TRACI JOHNSON;
DEPUTY WARDEN ELIZABETH BURRIS; DAVID HOLMAN
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:06-cv-00072)
District Judge:  Honorable Leonard P. Stark
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 12, 2012
Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 30, 2012)
_____

OPINION
_____

PER CURIAM

    Ambrose Sykes appeals the District Court's dismissal of his 42 U.S.C. § 1983 civil

rights suit.  We will affirm the District Court's judgment.

    In 2004, Sykes was arrested and charged with, inter alia, two counts of first-degree

murder. He was placed in the general population of the James T. Vaughn Corrections Center (JTVCC) in Delaware. Some time thereafter, the State announced its intention to seek the death penalty for the crimes in question, which had garnered a fair amount of media attention. Then, on July 7, 2005, Sykes was moved to the JTVCC Secure Housing Unit (SHU), where he apparently remained for at least fifteen months.

Sykes's suit, filed in forma pauperis and pro se in early 2006, attacked this (then-ongoing) period of pretrial SHU confinement as a violation of his constitutional rights, charging the defendants—warden Thomas Carroll, counselor Traci Johnson, deputy warden Elizabeth Burris, and major David Holman—with placing him in the SHU "without cause or reason," failing to provide him any process preceding the placement, and refusing to review his confinement during the entirety of the detention. He claimed that the non-Johnson defendants were "directly involved" in the transfer decision, and sought the restoration of his general-population privileges as well as compensatory and punitive damages.[1]

The District Court denied relief through two separate dispositions. The first dismissed defendant Traci Johnson from the suit under Fed. R. Civ. P. 4(m) because Sykes had failed to serve process upon her within 120 days of filing his complaint. See ECF No. 66. The second granted the remaining defendants' summary-judgment motion

---

[1] Sykes was convicted in June 2006. See generally Sykes v. State, 953 A.2d 261 (Del. 2008). Because he is no longer in pretrial confinement, his request for injunctive relief is moot and will not be discussed further herein. See Stevenson v. Carroll, 495 F.3d 62, 65 n.1 (3d Cir. 2007).

while denying Sykes's own summary-judgment motion, holding that: 1) official-capacity suits were barred by the Eleventh Amendment, 2) the requests for injunctive relief were functionally moot, 3) Sykes had failed to show a deprivation of either substantive or procedural due process, 4) Sykes had failed to show the defendants' personal involvement, and 5) the defendants had successfully shown that they were qualifiedly immune. See generally Sykes v. Carroll, No. 06–072, 2011 WL 5826054 (D. Del. Nov. 18, 2011). Sykes timely appealed.

We exercise appellate jurisdiction under 28 U.S.C. § 1291. "As an appellate court reviewing the grant of a motion for summary judgment, we exercise plenary review." Kahn v. United States, 753 F.2d 1208, 1210 (3d Cir. 1985). We separately review the dismissal of a defendant on the basis of improper or failed service of process for abuse of discretion. See Jones v. Frank, 973 F.2d 872, 782 (10th Cir. 1992); Umbenhauer v. Woog, 969 F.2d 25, 28 (3d Cir. 1992). However, a decision of the District Court can be upheld "on grounds other than those on which the . . . court relied." Fairview Park Excavating Co. v. Al Monzo Constr. Co., 560 F.2d 1122, 1123 n.2 (3d Cir. 1977).

We agree with the District Court that judgment in favor of the defendants was warranted. First, with regard to defendant Johnson, Sykes failed to allege that she was personally involved in any decision or action that could be viewed as unconstitutional; rather, he suggested merely that she commented on and discussed the situation after his transfer to the SHU, insisting that he was not being punished. "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and

3

cannot be held responsible for a constitutional violation which he or she neither participated in nor approved . . . ." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007) (internal quotations, citations omitted).[2]  Second, to the extent that the defendants were sued in their official capacities, it is well settled that "[i]ndividual state employees sued in their official capacity are . . . entitled to Eleventh Amendment immunity." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010).

With regard to the remaining claims—alleging that the individual defendants "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused h[im] constitutional harm," Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989), or violated his rights under the Equal Protection Clause—we agree with the District Court that qualified immunity protects the defendants from suit.  While "[u]nder [42 U.S.C.] § 1983 . . . a plaintiff may seek money damages from government officials who have violated her constitutional or statutory rights," qualified immunity shields those officials from personal liability "so long as they have not violated a 'clearly established' right." Camreta v. Greene, ___ U.S. ___, 131 S. Ct. 2020, 2030–31 (2011).  A right is "clearly established" if, in the *specific context of the case*, there was sufficient precedent to put the defendants on notice that their conduct was constitutionally prohibited.  See McKee v. Hart, 436 F.3d 165, 171 (3d

_____

[2] Because the claim against Johnson was meritless, we need not determine whether the District Court abused its discretion in dismissing her from the suit under Fed. R. Civ. P. 4(m).

4

Cir. 2006). Although Sykes alleges that his SHU placement amounted to impermissible punishment, see Bell v. Wolfish, 441 U.S. 520, 535–36 (1979), he does not contest the defendants' explanation that he was moved because of safety concerns, escape risks, and heightened media attention. See Hosterman Decl. ¶ 6. And while we have since expanded Shoats v. Horn, 213 F.3d 140 (3d Cir. 2000), to specifically address the procedural due process concerns of "hous[ing pre-trial detainees] in the restrictive conditions of the SHU without any procedural protections," see Stevenson v. Carroll, 495 F.3d 62, 69 (3d Cir. 2007), that decision post-dated the defendants' conduct and, thus, cannot itself be cause for abrogating qualified immunity.[3] While the defendants' apparent failure to communicate with Sykes is troubling, as is the lack of notice, we nonetheless find, on the facts presented, that their conduct was, at worst, a "reasonable but mistaken judgment about [an] open legal question[]." Ashcroft v. al-Kidd, ___ U.S. ___, 131 S. Ct. 2074, 2085 (2011). Accordingly, the defendants were entitled to immunity from suit. See Blaylock v. City of Phila., 504 F.3d 405, 408 (3d Cir. 2007).

---

[3] In Stevenson, we emphasized that "[p]rison officials must provide detainees who are transferred into more restrictive housing for administrative purposes only an explanation of the reason for their transfer as well as an opportunity to respond." Stevenson, 495 F.3d at 70. The Stevenson plaintiffs had alleged that their arbitrary transfers to the SHU—without explanation or a hearing—stated a claim for the denial of substantive and procedural due-process rights. Id. at 64–65. We found that "the complaint challenges the reasonable relationship of the appellants' confinement to a legitimate government objective and alleges impermissible punishment of pretrial detainees," and remanded for further proceedings, specifically declining to address the presence of qualified immunity. Id. at 71–72. On remand, the District Court determined that the defendants were protected by qualified immunity. See Stevenson v. Carroll, No. 04–139, 2011 WL

For the foregoing reasons, and "[b]ecause this appeal does not present a substantial question, we will summarily affirm the District Court's judgment." Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6. The Clerk is instructed to file Sykes's "Informal Brief," which was construed for the purposes of our disposition as his summary-action response.

---

6842955, at *13–14 (D. Del. Dec. 29, 2011), aff'd, No. 12-1078, 2012 WL 1139033 (3d Cir. Apr. 6, 2012).