BAP Appeal No. 23-4     Docket No. 24     Filed: 06/23/2023     Page:

FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

June 23, 2023

Blaine F. Bates
Clerk

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

IN RE KATE BUFFY DRAKEWYCK,

Debtor.

_____

KATE BUFFY DRAKEWYCK,

Plaintiff - Appellant.

BAP No. CO-23-004

Bankr. No. 22-10977
Adv. No. 22-01250
Chapter 7

OPINION

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado
_____

Submitted on Appellant's brief.[2]
_____

Before **MICHAEL**, **PARKER**, and **THURMAN**, Bankruptcy Judges.
_____

---

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[2] The Appellant did not request oral argument, and after examining the Appellant's brief and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr. P. 8019(b). The case is therefore ordered submitted without oral argument.

**THURMAN**, Bankruptcy Judge.

_____

Due process is fundamental to the legal system. Put simply, nothing happens in the dark. An affected party is entitled to proper notice before being deprived of its rights. Accordingly, there are rules promulgated by the Judicial Conference and approved by Congress to ensure parties receive the process due to them.

Here, a chapter 7 debtor filed an adversary proceeding to discharge her student loan debt naming the United States Department of Education as the defendant (the "Defendant"). The Bankruptcy Court issued a summons to the Defendant and the debtor filed an affidavit of service asserting she served the Defendant. The Defendant never filed an answer. Several weeks later, the debtor filed a motion for entry of default judgment. The Bankruptcy Court denied the motion because the debtor failed to properly effectuate service. The order denying the motion set forth the steps the debtor needed to take to effectuate proper service. The debtor attempted to cure, but failed once again. Undaunted, the debtor filed a second motion for entry of default judgment. The Bankruptcy Court entered an order denying the second motion for failure to properly effectuate service and an order dismissing the adversary proceeding without prejudice, which the debtor appeals now. Finding no error, we affirm the order dismissing the adversary proceeding.

## I.  Background

### a.  The Bankruptcy and Prior Appeal

Appellant Kate Buffy Drakewyck (herein "Drakewyck") filed a chapter 7 petition for bankruptcy relief on March 25, 2022. On August 27, 2022, Drakewyck filed a motion

in the bankruptcy case seeking to discharge her student loan debt. A few days later, the

Bankruptcy Court entered an order denying the motion without prejudice (the "Order

Denying Motion") concluding such relief must be sought in an adversary proceeding.[3] On

September 18, 2022, Drakewyck filed a motion to reconsider the Order Denying Motion,

which the Bankruptcy Court denied without prejudice to the filing of an adversary

proceeding. Drakewyck appealed both orders to the BAP on September 21, 2022. The

BAP determined the Order Denying Motion was final and summarily affirmed the

Bankruptcy Court concluding the relief sought required an adversary proceeding.[4]

### b. The Adversary Proceeding

On October 17, 2022, Drakewyck filed an adversary proceeding against the

Defendant seeking to discharge her student loan debt (the "Complaint"). That same day,

the clerk of the Bankruptcy Court issued a summons to the Defendant (the "Original

Summons"). On October 29, 2022, Drakewyck filed an affidavit of service asserting a

process server served Roland Stallings, Clerk, a person authorized to accept service on

behalf of the Defendant. Drakewyck filed no other affidavits of service.

On November 28, 2022, Drakewyck filed a *Motion to Rule in Favor of the Debitor*

*[sic]: Dismissal of the Student Loan Balance* (the "First Motion") requesting the

Bankruptcy Court fully rule in her favor because the Defendant had not complied with

---

[3] *Order Denying Motion to Rule in Favor of the Debtor*, *in* Appellant App. at 152–53.

[4] *Order Denying Leave to Appeal as Unnecessary and Affirming Order Appealed*, BAP CO-22-16, ECF No. 26.

3

the Original Summons and deadlines. On November 29, 2022, the Bankruptcy Court

entered an *Order Denying Motion to Rule in Favor of the Debtor* (the "First Motion

Order")[5] finding Drakewyck failed to properly serve the Defendant in accordance with

Federal Rule of Bankruptcy Procedure 7004(b)(4) and (5).[6] The Bankruptcy Court then

ordered Drakewyck to file a motion for issuance of an alias summons[7] and serve the

Defendant with the alias summons and a copy of the Complaint on or before December

13, 2022, in accordance with Rule 7004(b)(4) and (5).[8]

Drakewyck never filed a motion for or obtained an alias summons—the only way

to cure the stale Original Summons—but instead, on December 12, 2022, Drakewyck

filed certificates of service with the Bankruptcy Court showing she mailed copies of the

Complaint and Original Summons to the District Attorney of Washington, D.C., and the

Office of the Attorney General in Washington, D.C., on December 10, 2022, the entities

Drakewyck believed she should serve under Rule 7004(b)(4) and (5).

On December 14, 2022, the Bankruptcy Court entered an order (the "Order to

File") finding Drakewyck did not file a motion for, and serve the parties with, an alias

summons and copy of the Complaint in accordance with Rule 7004(b)(4) and (5). The

---

[5] First Motion Order at 2, *in* Appellant App. at 150.

[6] All future references to Rule or Rules shall mean the Federal Rules of Civil Procedure when followed by one or two-digit numbers and Federal Rules of Bankruptcy Procedure when followed by four-digit numbers.

[7] An alias summons is the term used to describe a reissued summons after the original summons has gone stale.

[8] First Motion Order at 2, *in* Appellant App. at 150.

Order to File provided Drakewyck an extension of time to do so by December 28, 2022. The Bankruptcy Court warned Drakewyck that failure to do so would result in dismissal of the adversary proceeding.[9]

On January 16, 2022, Drakewyck again filed a *Motion to Rule in Favor of the Debitor [sic]: Dismissal of the Student Loan Balance* (the "Second Motion"). Drakewyck requested the Bankruptcy Court to rule in her favor and dismiss (discharge) the student loan balance because she properly served the Defendant and thirty-five days had passed.

On January 18, 2022, the Bankruptcy Court entered an order denying the Second Motion[10] and the *Order Dismissing Case* (the "Final Order") dismissing the adversary proceeding without prejudice.[11] In the Final Order, the Bankruptcy Court concluded Drakewyck's failure to comply with the Order to File warranted dismissal.[12] The Bankruptcy Court further concluded that Rule 4(m) provided additional grounds for dismissal because more than ninety days elapsed since the commencement of the adversary proceeding, and Drakewyck still had not supplied proof of proper service.[13] This appeal followed.

---

[9] Order to File, *in* Appellant App. at 144.

[10] *Order Denying Plaintiff's Second Motion to Rule in Favor of the Debtor*, *in* Appellant App. at 137–38.

[11] Final Order, *in* Appellant App. at 135–36.

[12] *Id.*, *in* Appellant App. at 135.

[13] *Id.*

## II. Jurisdiction

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[14] Drakewyck timely filed her notice of appeal.[15] A prior panel determined the Final Order was final as to whether the Bankruptcy Court erred in dismissing Drakewyck's adversary proceeding for failure to timely effectuate proper service.[16] Drakewyck did not elect to have the district court hear the appeal. Accordingly, this Court has jurisdiction to hear this appeal.

## III.　Issue on Appeal and Standard of Review

There is one issue on appeal—whether the Bankruptcy Court erred by dismissing Drakewyck's adversary proceeding for failure to timely effectuate proper service on the Defendant, which we review for abuse of discretion.[17] Under the abuse of discretion

---

[14] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

[15] *See In re Durability, Inc.*, 893 F.2d 264, 266 (10th Cir. 1990) (noting that "the appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition").

[16] *Order Allowing Appeal to Proceed*, BAP CO-23-4, ECF No. 11.

[17] The Bankruptcy Court cites two grounds for its dismissal: (i) failure to comply with the Bankruptcy Court's Order and (ii) failure to effectuate timely service. A dismissal for failure to comply with a court's order is reviewed for abuse of discretion. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) ("The Federal Rules of Civil Procedure authorize sanctions, including dismissal, . . . for failing to comply with the court rules or any order of the court" which is reviewed for abuse of discretion) (citing Fed. R. Civ. P. 41(b)). Similarly, a court's dismissal for failure to comply with Rule 4(m) is also reviewed for abuse of discretion. *See Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995) ("We review the [lower] court's dismissal for untimely service for an abuse of discretion.") (citing *Jones v. Frank*, 973 F.2d 872, 872 (10th Cir. 1992)).

standard, this Court will not disturb a bankruptcy court's decision unless it "has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[18] An abuse of discretion occurs when "the [trial] court's decision is 'arbitrary, capricious or whimsical,' or results in a 'manifestly unreasonable judgment.'"[19] "A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based."[20]

### IV.    Analysis

To satisfy due process, a party must effectuate proper service of process upon the party from whom it seeks relief.[21] Rule 7004 governs service of process in a bankruptcy case.[22] Unless otherwise stated by Rule 7004, service may be made within the United

---

[18] *In re Arenas*, 535 B.R. 845, 849 (10th Cir. BAP 2015) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

[19] *Moothart*, 21 F.3d at 1504–05 (quoting *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987)).

[20] *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018) (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

[21] *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Even though Drakewyck is proceeding pro se, she still needs to comply with the relevant rules. *In re Onyeabor*, BAP No. UT-14-047, 2015 WL 1726692, at *6 (10th Cir. BAP Apr. 15, 2015) (unpublished) ("[P]ro se status does not excuse a party's obligation to know and comply with the same rules that govern other litigants.") (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

[22] Fed. R. Bankr. P. 7004.

States by first class mail or by a method authorized by Rule 4(e)–(j).[23] Rule 4(i) applies in bankruptcy adversary proceedings and governs serving the United States and its agencies and provides service may also be made by registered or certified mail.[24] Such service must occur, or be deposited in the mail, within seven days after the bankruptcy court issues the summons.[25] Should timely delivery not occur, the summons becomes stale and is no longer effective.[26] To remedy a stale summons, a party may file a motion for another summons—often called an alias summons—with the bankruptcy court, and only then may the party effectuate proper service.[27]

Under Rule 7004(b)(4) and (5), when serving a United States agency, a party must also serve the United States.[28] To properly serve the United States, the Rules require a

---

[23] *Id.* at 7004(b).

[24] Fed. R. Civ. P. 4(i) made applicable to bankruptcy proceedings by Rule 7004(a)(1).

[25] Fed. R. Bankr. P. 7004(e).

[26] *See id.* ("If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 7 days after the summons is issued."). *See also Menges v. Menges (In re Menges)*, 337 B.R. 191, 193 (Bankr. N.D. Ill. 2006) ("If service is not made in that time, the summons is stale, and another summons must be issued."); *Carter v. Hall (In re Hall)*, No. 07-11393-R, 2009 WL 1652202, at *1 (Bankr. N.D. Okla. June 10, 2009) (unpublished) (concluding a summons becomes "stale" when not delivered or mailed within the time prescribed by the Rule); *Peter v. Hutchings (In re Hutchings)*, No. BAP MW 10-078, 2011 WL 4572017, at *3 (1st Cir. BAP May 25, 2011) (unpublished) (failure to serve a summons within the time period prescribed by the rule renders the summons invalid, thus requiring a party to obtain a new summons) (citing cases).

[27] *See In re Hutchings*, 2011 WL 4572017, at *3; Fed. R. Bankr. P. 7004(b)(4), (b)(5), (e) and (i).

[28] Fed. R. Bankr. P. 7004(b)(5).

8

party must mail a copy of the summons and complaint to (i) the United States agency,[29] (ii) the civil process clerk at the office of the United States Attorney for the district *in which the action is brought*,[30] and (iii) the Attorney General of the United States in Washington, D.C.[31] Should a party fail to properly serve a copy of the summons and complaint to any one of these entities, the court must provide reasonable time to cure the deficiency.[32] Failure to effectuate proper service within ninety days after a complaint is filed, without a showing of good cause for the failure, will result in case dismissal without prejudice.[33]

The Bankruptcy Court dismissed the adversary proceeding on two grounds. First, Drakewyck failed to comply with the Order to File requiring her to file a motion for an alias summons and then properly serve the alias summons on the Defendant and the United States. Second, Drakewyck failed to timely effectuate service on the Defendant and the United States within ninety days pursuant to Rule 4(m).

---

[29] *Id.*

[30] Fed. R. Bankr. P. 7004(b)(4) (emphasis added).

[31] *Id.*

[32] *Id.* at 7004(b)(4) and (5).

[33] Fed. R. Civ. P. 4(m), made applicable to bankruptcy cases by Fed. R. Bankr. P. 7004, provides,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made with a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Drakewyck contends she effectuated proper service by (i) serving the Defendant, the US Attorney, and the Attorney General pursuant to Rule 7004(b)(4) and (5), (ii) complying with the First Motion Order and the Order to File (the "Orders"), and (iii) doing so in the time frame specified. Drakewyck also asserts Rule 7004 does not state a summons "can go stale," and thus the Bankruptcy Court erred in dismissing the adversary proceeding on that ground.

The Bankruptcy Court did not abuse its discretion in dismissing the adversary proceeding for Drakewyck's failure to effectuate proper service and comply with the Orders for several reasons. First, Drakewyck failed to properly serve the Original Summons and Complaint addressed to the civil process clerk at the office of the United States Attorney for the District of Colorado, *the district in which the action was brought*. Instead, Drakewyck mailed, via first class mail, a copy of the Original Summons and Complaint to the United States Attorney for the District of Washington, D.C.[34]

Second, Drakewyck did not send a copy of the Original Summons and Complaint to the United States Attorney for the District of Colorado or the Attorney General within seven days of the Bankruptcy Court issuing the Original Summons, thus rendering the summons stale.[35] Nor did Drakewyck file a motion for, and receive, an alias summons, which would allow her to effectuate proper service on the Defendant and the United States pursuant to the Order to File and Rule 7004.

---

[34] December 12, 2022 Certificates of Service, *in* Appellant App. at 145–48.

[35] Fed. R. Bankr. P. 7004(e).

10

Third, as of the date of the Final Order, more than ninety days had passed since the commencement of the adversary proceeding and Drakewyck still had not effectuated proper service. Notably, Rule 4(m) provides a court must extend time for service for an appropriate period if the party shows good cause for failure to timely effectuate service. Drakewyck does not, however, argue good cause existed. Moreover, even if Drakewyck raised such an argument on appeal, the record shows Drakewyck failed to comply with the Orders, both of which emphasized Drakewyck needed to obtain an alias summons— which was required to timely effectuate proper service—and serve the proper entities by a certain date. In effect, the Bankruptcy Court extended Drakewyck's time to serve the proper entities after she failed to meet the first deadline, and expressly noted failure to do so would result in a dismissal without prejudice.[36] Accordingly, under Rule 4(m), the dismissal was warranted.

## V.     Conclusion

We find no abuse of discretion. The original summons went stale when Drakewyck did not comply with the Rules to effectuate proper service within the time provided. Additionally, Drakewyck did not comply with the Orders, nor did Drakewyck effectuate proper service within ninety days pursuant to Rule 4(m). The Bankruptcy Court applied the appropriate legal standard, the decision was not arbitrary, whimsical, or

---

[36] *See* First Motion Order at 2, *in* Appellant App. at 150; Order to File at 1, *in* Appellant App. at 143.

capricious, and it did not result in manifest injustice. Thus, the decision of the

Bankruptcy Court is AFFIRMED.